## JOHN FULTS v. THE STATE.

### No. 3465. Decided December 19, 1906.

**1.—Forgery—Misconduct of Jury—Defendant as a Witness.**

Upon a trial for forgery where the record on appeal showed that the jury commented on the fact that defendant did not testify on the trial, and that at this time they had not agreed upon appellant's plea of insanity, but had agreed upon his guilt. Held, that the jury could not agree upon defendant's guilt, until they had found him to be sane, and that an allusion to defendant's failure to testify injured his rights, as the issue of his sanity was sharply made.

**2.—Same—Charge of Court—Insanity—Preponderance of Proof.**

Where upon a trial for forgery the defense of insanity was interposed, the court properly charged that the burden of proving such insanity was upon the defendant to the satisfaction of the jury by a preponderance of evidence.

**3.—Same—Non-Expert Opinion—Predicate.**

Upon a trial for forgery, there was no error, where the witness first related the facts to some extent upon which he predicated his opinion of the sanity or insanity of defendant, to admit his opinion. A non-expert witness should relate in detail the facts upon which he predicates his opinion, before such opinion is given to the jury.

Appeal from the District Court of Potter. Tried below before the Hon. Ira Webster.

Appeal from a conviction of forgery; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*L. C. Barrett, J. A. Templeton,* for appellant.—On question of non-expert opinion: Thomas v. State, 40 Texas, 562; Campbell v. State, 10 Texas Crim. App., 560; Harris v. State, 18 Texas Crim. App., 287; McLeod v. State, 20 S. W. Rep., 749; Byrd v. State, 88 S. W. Rep., 974. On question of charge on insanity: McCullough v. State, 16 Texas Ct. Rep., 563; Standfield v. State, id., 502.

*J. E. Yantis,* Assistant Attorney-General, for the State.—On question of allusion to defendant's failure to testify: Leslie v. State, 49 S. W. Rep., 73; Wade v. State, 7 Texas Ct. Rep., 1022; Tate v. State, 42 S. W. Rep., 595; Wilson v. State, 39 S. W. Rep., 373.

BROOKS, JUDGE.—Appellant was convicted of forgery, and his punishment assessed at two years confinement in the penitentiary.

In motion for new trial appellant insists that the jury discussed and commented on the fact that defendant did not testify on the trial; and one of said jurors stated that appellant's counsel was too smart to put him on the stand. This is the substance of the testimony adduced on the hearing of said motion from the jurors on the question; in addition to the further fact that at the time of said statement and discussion, the jury had not agreed on appellant's plea of insanity. It seems that the jury had agreed on his guilt, as they expressed it, but had not agreed as to whether appellant's plea of insanity was good or not. Until the jury agreed that defendant was sane, we do not see how they could agree that he was guilty. Be this as it may, this is the condition of the evidence on this question. Defendant did not testify. The evidence, pro and con, on the issue of insanity, was sharp and the defense had clearly a preponderance of the evidence on this issue. Now, for the jury to discuss the failure of the defendant to testify; and state to each other that his counsel was too sharp to put him on the jury, was clearly calculated to injure the rights of appellant. Doulton v. State, 73 S. W. Rep., 395; Cowan v. State, 16 Texas Ct. Rep., 60; Thorpe v. State, 50 S. W. Rep., 383; Wilson v. State, 46 S. W. Rep., 251; Buessing v. State, 63 S. W. Rep., 318; Brogdon v. State, 80 S. W. Rep., 378.

Appellant further complains of the court's charge on insanity, as follows: "You are instructed that when the insanity of defendant in a criminal case is interposed as a defense, the burden of proving such insanity is upon the defendant to the satisfaction of the jury by a preponderance of the evidence." The charge is correct, and for a discussion of the matter see Hurst v. State, 40 Texas Crim. Rep., 387.

Appellant further contends that the court erred in allowing J. L. Smith to testify that he considered appellant sane at the time he attempted to pass the check. The objection being that he was not an expert and had not seen enough of appellant to have an opinion upon the subject. We have frequently held that where a non-expert is called upon to testify on the issue of insanity, before giving his opinion to

the jury, he must first relate the facts to some extent upon which he predicates his opinion of the sanity or insanity of the defendant. As we understand this record, the witness Smith did this. We would suggest that upon another trial, where any non-expert witness is called upon to testify, that he should be required to relate in detail the facts upon which he predicates his opinion before said opinion is given to the jury.

Because of the misconduct of the jury in discussing the failure of the defendant to testify, the judgment is reversed and the cause remanded.

*Reversed and remanded.*