FELIPE ROMERO v. THE STATE.

No. 4101.   Decided May 19, 1909.

Rehearing Granted June 9, 1909.

**1.—Local Option—Election Contest—Evidence.**

Upon trial of a violation of the local option law there was no error in permitting the State over the defendant's objection to read in evidence the notice of the election held, and also the order of the Commissioners Court putting local option into effect.   The Act of the Thirtieth Legislature provides for election contests in local option elections within sixty days after the law takes effect, and no error can be considered with reference to such orders after said time for contest had elapsed.

**2.—Same—Evidence—Declarations of Third Parties—Harmless Error.**

Upon trial of a violation of the local option law there was no error in admitting the testimony of the prosecuting witness with reference to his acts and conversation with third parties and while procuring for them the whisky from the defendant; although some of such statements may have been hearsay, they were not of sufficient importance to authorize a reversal.

**3.—Same—Evidence—Contradicting Witness.**

Where upon trial of a violation of the local option law, the defendant attacked the testimony of a State's witness, there was no error in permitting the State in asking the witness on cross-examination if he had not told other parties about the transaction in effect the same as he was testifying to.

**4.—Same—Charge of Court—Law in Force.**

After the proof of the publication of the order putting local option in effect. it has always been the rule that the judge can tell the jury as a matter of law that the local option law is in force in the territory affected.

Appeal from the County Court. of Coleman. Tried below before the Hon. F. M. Bowen.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

F. J. McCord, Assistant Attorney-General, and *Walter C. Woodward,* county attorney.—On question of admitting declarations of third parties: Smart v. State, 49 Texas Crim. Rep., 373; 15 Texas Ct. Rep., 694. On question of strengthening State's witness' testimony, etc.: Franklin v. State, 13 Texas Ct. Rep., 641; Jones v. State, 38 Texas Crim. Rep., 87.

BROOKS, JUDGE.—This conviction was for violating the local option law, the punishment assessed being a fine of $25 and twenty days imprisonment in the county jail.

The first ground of the motion for a new trial complains the court erred in permitting the State, over appellant's objection, to read in evidence the notice of the elections held. The second ground complains the court erred in permitting the State to introduce in evidence the order of the Commissioners Court putting local option into effect. None of these questions can be considered, in view of the fact that the election under which this prosecution is instituted had taken place a year or more before the Act of the Thirtieth Legislature was passed, which inhibits a contest of elections after the expiration of sixty days from the time said law went into effect. Therefore, more than sixty days having elapsed before the institution of this prosecution, there was no error in the ruling of the court in admitting same, and no error could be considered by us if the same was erroneous. However, we have examined the orders, and find same in all respects correct.

Bill of exceptions No. 3 shows that the State proved by Thornton Edwards, prosecuting witness, that he met A. C. Dameron, George Kline and Charlie Pennington on a corner in the town of Coleman, and asked him if they could get some whisky, and he told them that he did not know, and that they told him to see if he could get some from the defendant. That after he had gone and seen defendant, and come back to them, that they gave him money to buy the whisky with, and that when he and George Kline, A. C. Dameron and Charlie Pennington got close to the house of defendant, that he told them to wait until he went and got the whisky, and that when he had gone and seen defendant again he came back to them and told them that he had to have

some more money, and that they all threw in and gave him some more money, defendant not being present any of said times, to the introduction of which testimony defendant then and there objected, on the grounds that the same was irrelevant, immaterial, hearsay acts, and declarations of third parties out of the presence and hearing of defendant, and calculated to prejudice the rights of defendant. The testimony of the witnesses above named shows conclusively that the prosecuting witness got the whisky from appellant. While some of the statements above made may fall within the rule invoked by appellant, yet they are not sufficient to authorize a reversal of this case.

Bill of exceptions No. 4 complains that the county attorney asked the witness George Kline the following question, to wit: "Did you make the same statement to others out of the court that you now make on the stand?" To which question witness responded that he had, said question being asked and answer given after witness had testified that he had told defendant's attorney a different story concerning the sale of whisky by defendant to what he was swearing on the stand. This testimony was inadmissible. See Williams v. State, 24 Texas Crim. App., 637.

There was no error in the court telling the jury that the local option law was in force in Coleman County, contended for in bill of exceptions No. 5. After the proof of the publication of the order putting local option in effect, it has always been the rule that the judge can tell the jury, as a matter of law, that the local option law was in force.

For the error pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

ON REHEARING.

June 9, 1909.

BROOKS, Judge.—This case was reversed and remanded on a former day of this term, and now comes before us on motion for rehearing by the State.

The case was reversed on bill of exceptions No. 4, wherein the county attorney asked the witness George Kline the following question: "Did you make the same statement to others out of court that you now make on the stand?" We held this testimony was inadmissible, citing the case of Williams v. State, 24 Texas Crim. App., 637. We were in error in this decision, since it is always admissible for a witness to testify that he had made statements in consonance with his testimony on the stand where the defense or converse party had proven that he had made different statements from those being testified to. Were we have the witness admitting that he had told the defendant's counsel a different account of the sale of whisky in this case from that testified on the trial. The witness admits the fact that he had. Now then, the State,

to strengthen his testimony, asked him if he had not told other parties about the transaction in effect the same as he was testifying to. He answered that he had. This was legitimate cross-examination of the witness, and we were in error in holding that it was inadmissible. We accordingly grant the State's motion for rehearing, and the judgment is now affirmed.

*Affirmed.*