### Jim Wesley v. The State.

No. 171.   Decided November 17, 1909.

**1.—Election Contest—Order of Commissioner's Court.**

Upon trial of a violation of the local option law, where it appeared no election contest had been made in the proper time, as provided by law, objections to the introduction in evidence of orders of the Commissioners Court could not be considered, as it must be assumed that the local option law is, in all respects, regular and valid.

**2.—Same—Evidence—Other Transactions.**

Where, upon trial for a violation of the local option law, it appeared from the State's testimony that the whisky seemed to come from the house of a certain witness, where the defendant claimed he could get the liquor, and went there for it and returned with it, there was no reversible error in showing that the owner of said house had recently purchased a quantity of whisky, which he drank himself or gave away.

**3.—Same—Evidence—Bill of Exceptions—Credibility of Witness.**

Where the bill of exceptions is defective in not stating what the answer of the witness would have been to the question propounded to him as to his credibility, the same cannot be considered on appeal.

**4.—Same—Information—Publication of Order.**

An information of a violation of the local option law, which alleges that the Commissioners Court had duly made, passed and entered the order declaring the result of the local option election, and prohibiting the sale of intoxicating liquors within the county, as required by law, and had caused said order to be published in the manner and form and for the length of time required by law, is sufficient.

**5.—Same—Sufficiency of the Evidence.**

Where, upon trial of a violation of the local option law, the evidence is sufficient to convict, although conflicting, the conviction will not be disturbed.

Appeal from the County Court of Howard.   Tried below before the Hon. L. A. Dale.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The gravamen of the information charged that H. did then and there unlawfully sell to one W. intoxicating liquor after the qualified voters of said Howard County had determined at an election held in accordance with the laws of said State that the sale of intoxicating liquors should be prohibited in said county, and the Commissioners Court of said county had passed an order to that effect, which order had been duly published in accordance with law, against the peace and dignity of the State.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, Judge.—Appellant appeals to this court and seeks reversal of the judgment had in the County Court of Howard County on April 5, 1909, where he was convicted of selling intoxicating liquors in violation of the local option law.

Many of the questions raised on the appeal relate to the sufficiency of the orders, judgments and decrees of the Commissioners Court of Howard County putting local option into effect. Since there was no contest as provided by the Act of the Thirtieth Legislature, these matters cannot be considered by us, but we must assume and hold, as the court below did, that the law was in all respects regular and valid.

The testimony of the prosecuting witness Walker was to the effect, in substance, that he got the whisky by or from or through one Jim Wesley. That he met Wesley in Big Springs, and asked him if he knew where he could get some whisky, and Wesley replied that he might be able to get some for him from a man named Coots, Wesley claiming that Coots was afraid to let him have the whisky. That they went to town and met Coots. That Wesley gave the money to a man named Henry. He went off and was gone a short time and brought back a quart of whisky.

1. On the trial the State sought to show and was permitted to show by the witness Coots that he had recently purchased and had shipped to him twelve quart bottles of whisky, which he said he had drank and given away, but none of which he had sold. This was objected to because there was no evidence shown to connect the witness with the defendant in the sale with which he is charged. The bill of exceptions evidencing this matter was approved with the qualification that the prosecuting witness Walker stated on the witness stand that the defendant told him he would get the whisky from Coots, and that the defendant in company with Jet Henry went to Coots' house and after they had returned together from said house that the whisky was delivered to him. We think, in view of the court's ex-

planation, considered in connection with the entire statement of facts, that there was no error in this ruling of the court.

2. On the trial the prosecuting witness Walker was asked on cross-examination if he had ever been indicted for murder, theft or rape. This was objected to by counsel for the State, and the the court sustained the objection, and witness did not answer. The bill of exceptions is defective in not stating what the answer of the witness would be. It is not shown that he would have answered affirmatively, and such an answer alone would have affected his credibility.

3. It is further claimed that the information is insufficient in that it does not in terms allege that the county judge published the order declaring the result of the local option election. In the case of Watson v. State, 52 Texas Crim. Rep., 551, on a review of all the authorities, an information very much like this was held sufficient, and it was there decided that in a prosecution for violation of the local option law an information which charged that the Commissioners Court of said county had duly made, passed and entered the order declaring the result of such election and prohibiting the sale of intoxicating liquor within said county as required by law, and had caused said order to be published in the manner and form and for the length of time required by law, was sufficient.

The other exceptions relate to the supposed invalidity of the local option election, which we have disposed of in the first paragraph of this opinion.

4. It is urged further that the verdict of the jury is not supported by the evidence. There was the usual conflict to be found in such cases. We are not prepared to say in view of the entire record that the testimony is insufficient. It is, therefore, ordered that the judgment of conviction be and the same is hereby in all things affirmed.

*Affirmed.*