John Head v. The State.

No. 1405.   Decided December 6, 1911.

**Local Option—Jurisdiction—Election—Felony—Date of Election.**

Where defendant was prosecuted by information in the County Court and pleaded to the jurisdiction, among other grounds, that it was not alleged when the local option election was held, and it appeared by the pleading that the offense was committed after the felony statute became effective, the case must be reversed and dismissed for want of jurisdiction.

Appeal from the County Court of Dallas County at Law.   Tried below before the Hon. W. F. Whitehurst.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days in the county jail.

The opinion states the case.

*Pierson, O'Donnell & Pierson,* for appellant.—On question of jurisdiction: Coy v. State, 59 Texas Crim. Rep., 379, 128 S. W. Rep., 414.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, Judge.—Appellant was prosecuted under a complaint and information charging him with violating the local option law.   The complaint and information allege the sale to have been made on the 29th day of September, 1909, but in the complaint and information it is not alleged when prohibition was adopted in the territory described in the complaint and information, the allegation being, that said sale had been made "after an election had been held in said territory," etc.

When the case was called for trial, appellant filed the following plea to the jurisdiction:

"Comes now the defendant, and shows to the court that the information herein is defective in that it fails to meet one of the requirements of the Code of Criminal Procedure in that it does not show that this court has jurisdiction of the offense attempted to be charged in the said indictment, in this, to wit:   The court judicially knows that the Thirty-first Legislature, in its regular session in 1909, passed a law making the sale of liquor in a local option territory a felony. The court further judicially knows that said law does not apply to counties nor to subdivisions thereof, unless a local option election in said county, or said subdivision, was held subsequent to the passage of said law aforesaid.   The court does not judicially know when the local option election alleged to have been held in this indictment was held, and does not judicially know that such election was held at all.   That the court judicially knows that unless said election, if there was such an election, was held prior to the passage of the aforesaid law by the said Legislature, that this court has no jurisdiction; because there is no allegation in said information as to the time and date of the

holding of such election. Wherefore, the defendant prays the affidavit and information herein be quashed and set aside, and that the defendant go hence without day." The court overruled the plea. Appellant was convicted, and prosecutes an appeal to this court, assigning as error the action of the court in overruling the plea.

By article 502 of the Revised Penal Code, the Legislature has provided: "If any person shall sell any intoxicating liquor in any county, justice precinct, city or town in which the sale of intoxicating liquor has been prohibited under the laws of this State, or if any person shall give away any intoxicating liquor in any such county, justice precinct, city or town, with the purpose of evading the provisions of said laws, he shall be punished by fine of not less than twenty-five, nor more than one hundred dollars, and by imprisonment in the county jail for not less than twenty, nor more than sixty days. Or, if any person shall sell any intoxicating liquor in any county, justice precinct, school district, city or town, or subdivision of a county, in which the sale of intoxicating liquors. shall hereafter be prohibited under the laws of this State, or if any person shall give away any intoxicating liquor in any such county, justice precinct, school district, city or town, or subdivision of a county, with the purpose of evading the provisions of said law, he shall be punished by confinement in the penitentiary not less than one, nor more than three years."

As said by appellant in his plea, the sale of intoxicating liquors was made a felony by the Legislature in 1909, which law became effective July 24, 1909. The sale, in this case, in the complaint and information is alleged to have been made September 29, 1909, or two months after the statute making it a felony had become effective. Of course, under the above statute, and the decisions of this court in Lewis v. State, 58 Texas Crim. Rep., 351, 127 S. W. Rep., 808, it is only a felony to sell intoxicating liquors in the prohibited territory where the election has been held subsequent to July 24, 1909, and in all territory where the prohibition law had been adopted prior to July 24, 1909, the offense is only a misdemeanor. The question raised in this case is, that the information having alleged the sale at a date subsequent to the adoption of the felony statute, and not alleging that the election had been held prior to July 24, 1909, inasmuch as the County Court at law in Dallas County has jurisdiction only in misdemeanor cases, the information did not allege facts showing that said court had jurisdiction of said offense.

In the Code of Criminal Procedure it is provided, among other things, article 466: "An information is sufficient if it has the following requisites: (1) It shall commence in the name and by the authority of the State of Texas; (2) That it shall appear to have been presented in a court having jurisdiction of the offense set forth."

In the case of Pittman v. State, 14 Texas Crim. App., 576, it is held by this court:

Vol. LXIV Crim.—8.

"Among the several exceptions to the information and affidavit there is one which, in our opinion, is well taken, and this reaches only to the information. There is no allegation in the information of the value of the hog charged to have been stolen. Whenever the value of a stolen article affects the penalty for the offense, such value must be alleged and proved. (Sheppard v. The State, 1 Texas Crim. App., 522; Meyers v. The State, 4 Texas Crim. App., 121; Simpson v. The State, 10 Texas Crim. App., 681.) In this case it depends upon the value of the property stolen whether the theft is a felony or a misdemeanor, and this question can only be determined and the punishment of the offender regulated by allegation and proof of such value. (Penal Code, art. 748.)" ·

Under the statute under which appellant is prosecuted in this case, the *date when the election is held* fixes the penalty attached to the offense. If the election was held prior to July 24, 1909, the offense is punishable as a misdemeanor, and if the election was held subsequent to that date, it is punishable as a felony, and we are of the opinion that where the sale is alleged to have been made at a date subsequent to the passage of the felony statute, the county court has no jurisdiction of the offense, unless it is alleged and proven that the election was held prior to such date. (2 Bishop Crim. Proc., sec. 713, 3d ed.) In every case when a sale is alleged subsequent to the enactment of the felony statute, if the election was held prior to the enactment of that law, the complaint and information must so allege, as the Criminal Code provides that the allegations in the information must state facts showing that it is presented in a court having jurisdiction.

The court erred in not sustaining the plea, and as the information and complaint do not, by their allegations, state a case of which the county court at law would have jurisdiction, this case is reversed and dismissed.

*Reversed and dismissed.*