### HENRY MOORE v. THE STATE.

No. 1624.    Decided March 20, 1912.

**Local Option—Indictment—Date of Offense—Jurisdiction.**

Where, upon trial of a violation of the local option law, the indictment properly alleged the date of the election which conferred jurisdiction upon the District Court, the same was correct.

Appeal from the District Court of Bowie. Tried below before the Hon. P. A. Turner.

Appeal from a conviction of a violation of the local option law; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of violating the local option law, his punishment being assessed at one year confinement in the penitentiary.

The indictment alleges it was presented in the District Court of Bowie County, and charges appellant did on the 20th day of January, 1911, violate the local option law, which election was held on the 5th day of March, 1910, in said Bowie County, etc. This indictment is correct. See Head v. State, 64 Texas Crim. Rep., 112, decided at the present term of the court. It properly alleges the date of the election which confers jurisdiction upon the District Court. The law changing the punishment from misdemeanor to felony became operative in Bowie County by reason of the date of the election set out in the indictment.

The record contains neither statement of facts nor bills of exception. The judgment is affirmed.

*Affirmed.*