MASON NOBLES v. THE STATE.

No. 2468.    Decided May 21, 1913.

Rehearing denied June 18, 1913.

**1.—Local Option—Indictment—Precedent.**

Where, upon trial of a violation of the local option law, the indictment followed approved precedent, there was no error. Following Holloway v. State, 53 Texas Crim. Rep., 246, and other cases.

**2.—Same—Indictment—Date of Election.**

An indictment for a violation of the local option law need not allege the date prohibition was put in force, and there was no error in overruling a motion to quash on that ground. Following Enriquez v. State, 60 Texas Crim. Rep., 580, and other cases; besides, there was no motion to quash in the record.

**3.—Same—Evidence—Orders of the Commissioners Court—Law in Force.**

Where, upon trial of a violation of the local option law, the orders of the Commissioners Court with reference to the prohibition election, its adoption, etc., were introduced in evidence, and it was also shown that the sale was made thereafter in the territory where the law was in force, the complaint that the conviction could not be sustained for the want of the evidence of these orders was untenable.

**4.—Same—Election Contest—Presumption.**

By the Act of 1907, it is provided that if no contest of the prohibition election is filed and prosecuted in the manner and within the time provided thereby, it shall be conclusively presumed that said election as held and the result declared thereon is in all respects valid and binding upon all courts. Following Jerue v. State, 57 Texas Crim. Rep., 213, and other cases.

**5.—Same—Evidence—Sale—Agency.**

Where, upon trial of a violation of the local option law, the evidence on part of the State supported the sale, although the evidence for the defendant tended to show that he got the liquor as agent of the purchaser, and this matter was submitted to the jury in a proper charge of the court, there was no error; besides, the court submitted defendant's requested charges on this subject.

**6.—Same—Other Sales—Evidence—Limiting Evidence.**

Upon trial of a violation of the local option law, the State was permitted to introduce other and separate sales of intoxicating liquor in order to develop the res gestae and show the intent of the defendant in making .he sale for which he was being tried, there was no error. Following James v. State, 63 Texas Crim. Rep., 75, and other cases; the court properly limiting said evidence.

**7.—Same—Charge of·Court—Words and Phrases—Article 743.**

While the expression "with the purpose of evading the provisions of said law" should not have been used in the court's charge, but it appeared from the record that the defendant could not have been injured thereby, but rather placed an additional burden on the State, there was no error, under article 743, Code Criminal Procedure.

**8.—Same—Circumstantial Evidence—Charge of Court.**

Where the case was not purely dependent upon circumstantial evidence, there was no error in the court's failure to charge thereon.

**9.—Same—Statement of Facts—Instrument.**

The burden is upon appellant to complete the statement of facts, and where the same certified that it constituted a true and correct copy of all the material evidence upon the trial, the contention that a written instrument was not included therein was untenable and can not be considered; besides, if the instrument was against him, he could not complain.          •

Appeal from the District Court of McLennan. Tried below before the Hon. Richard I. Munroe.

Appeal from a conviction of a violation of the local option law; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Joe W. Taylor, Sr.,* for appellant.—On question of court's charge on agency: Johnson v. State, 63 Texas Crim. Rep., 457, ·140 S. W. Rep., 337; Davis v. State, 53 Texas Crim. Rep.·, 373, 109 S. W. Rep., 938; Whittlesey v. State, 60 Texas Crim. Rep., 291, 131 S. W. Rep., 1093; Hood v. State, 35 Texas Crim. Rep., 585; Wright v. State, 35 id., 581.

On question of introducing orders of Commissioners Court: Akin v. State, 14 Texas Crim. App., 142; Ellis v. State, 59 Texas Crim. Rep., 626; Roberts v. State, 65 Texas Crim. Rep., 534, 144 S. W. Rep., 940.

On question of date of election in indictment: Head v. State, 64 Texas Crim. Rep., 112, 141 S. W. Rep., 536; Hamilton v. State, 65 Texas Crim. Rep., 508, 145 S. W. Rep., 348.

On question of other sales: Johnson v. State, 42 Texas Crim. Rep., 618; Walker v. State, 44 id., 546; Curtis v. State, 52 id., 606; Campbell v. State, 55 id., 277; Swalm v. State, 49 id., 241.

On question of using the words, "purpose of evading the law," in the court's charge: Vanarsdale. v. State, 35 Texas Crim. Rep., 587; Lafrentz v. State, 57 id., 464.

On question of failing to charge on circumstantial evidence: Ward v. State, 10 Texas Crim. App., 293; Goode v. State, 56 Texas Crim. Rep., 418; Rupe v. State, 57 id., 588.

On question.of insufficiency of the indictment in not alleging date

of election: Lewis v. State, 58 Texas Crim. Rep., 351; Garner v. State, 62 Texas Crim. Rep., 525.

On question of proving that prohibition was in force: Ladwig v. State, 40 Texas Crim. Rep., 585, and cases supra.

On question of omitting instrument in statement of facts: Ratcliff v. State, 29 Texas Crim. App., 248; Davis v. State, 52 Texas Crim. Rep., 547.

*C. E. Lane,* Assistant Attorney-General, for the State.—On question of indictment: Cases cited in opinion.

On question of orders of Commissioners Court and law in force: Looper v. State, 62 Texas Crim. Rep., 97; Dozier v. State, 62 id., 262.

PRENDERGAST, JUDGE.—Appellant was convicted and his penalty fixed at one year confinement in the penitentiary for violation of the prohibition law in the town of Mart, McLennan County, Texas.

The indictment in this case strictly conforms to the form approved uniformly and held good by this court under all the decisions. Holloway v. State, 53 Texas Crim. Rep., 246; Shilling v. State, 51 S. W. Rep., 240; Stephens v. State, 50 Texas Crim. Rep., 251, 97 S. W. Rep., 483; Starnes v. State, 52 Texas Crim. Rep., 403; Key v. State, 37 Texas Crim. Rep., 77; Wesley v. State, 57 Texas Crim. Rep., 277; Watson v. State, 52 Texas Crim. Rep., 551; Garner v. State, 62 Texas Crim. Rep., 525, and a large number of other cases unnecessary to cite.

The indictment does not specifically allege the date of the election and when prohibition was carried and the law put in force. The appellant made a motion in the court below to quash the indictment because of this, claiming that since the Act of 1909, and the enactment of the Revised Penal Code in 1911, making the offense punishable by confinement in the penitentiary, when an election was held thereafter; and making it a misdemeanor only when elections were held before that Act became effective, that an indictment was bad which did not allege the date prohibition was put in force so that it could be told on the face thereof whether it was a felony or misdemeanor.

So far as we can find, the first case in which this question was presented was Enriquez v. State, 60 Texas Crim. Rep., 580. In that case this court properly held that that was no ground for quashing the indictment. Since then this court has uniformly adhered, and still adheres to that decision. See Head v. State, 64 Texas Crim. Rep., 112, 141 S. W. Rep., 536; Mealer v. State, 66 Texas Crim. Rep., 140, 145 S. W. Rep., 353; Hamilton v. State, 65 Texas Crim. Rep., 508, 145 S. W. Rep., 348; Meyer v. State, 65 Texas Crim. Rep., 587, 145 S. W. Rep., 919; Garner v. State, 62 Texas Crim. Rep., 525. We do not undertake to collate all of the cases so holding.

There is in the record a motion to quash the indictment on this ground. It is not sworn to, nor does it attempt to set up that prohibition in Mart in fact was adopted and in force before the felony clause

of the statute became effective. The record does not show that this motion to quash was presented to and acted upon by the court, but even if it was and the court overruled it, the court's action was correct.

Another contention by appellant is that this conviction must be reversed because the State did not introduce in evidence the order made by the Commissioners Court, or the county judge, that the necessary four weeks' publication had been made that prohibition was in force in said town of Mart.

The record does show a correct order by the Commissioners Court of McLennan County, dated April 8, 1912, that upon a proper petition therefor an election to determine whether or not prohibition should be put in force in said town, was duly ordered. Following this was the order of the Commissioners Court of May 6, 1912, declaring that said election was duly held, prohibition carried by a majority vote, reciting the votes for and against prohibition, and the majority, and declaring that prohibition carried. Further: "And it is hereby ordered that the sale of intoxicating liquors be, and the same is hereby absolutely prohibited in the said town of Mart, except for the purpose under the regulations prescribed by article 3385, of the Revised Statutes of the State of Texas, of 1895, until such time as the qualified voters in said town of Mart may, at a legal election for that purpose, by a majority of votes, decide otherwise." The sale alleged to have been made by appellant was on August 10, 1912. Fred Scott, the person to whom said sale was alleged to have been made, testified in substance and in effect that he had bought from appellant in Mart on August 10, 1912, as well as two or three times shortly before then, intoxicating liquors, all after prohibition went into effect in said town. Another witness also testified that he bought intoxicating liquor from appellant in June, 1912, and also afterwards prior to August 10, 1912, all after local option went into effect in said town. And that such purchase made in June was not before the saloons were closed because prohibition had gone into effect. There is much other evidence in the record showing that after prohibition went into effect in Mart that in June, 1912, and afterwards prior to August 10, 1912, and especially in August prior to August 10th, appellant frequently sent from Mart to Otto in Falls County, several miles distant, by a person who run an automobile between the two points and bought and had brought to him from Otto to the restaurant in Mart, where he was working, much intoxicating liquors. In other words, the record amply shows by all of this oral testimony that prohibition was in force in Mart by virtue of said election and order from at least early in June, 1912, and continuously thereafter.

By the Act of 1907, passed at the First Special Session of the Legislature, page 447, now article 5728 of the Revised Statutes of Texas, it was enacted: That at any time within thirty days after the result of an election for prohibition has been declared carried, any qualified voter within such territory may contest said election in the District Court of the county in which such election has been held; and that such court

shall have jurisdiction to try and determine all matters connected with said election, including the petition therefor and all proceedings and orders relating thereto embracing the final count and declaration and publication of the result putting local option into effect, and that such cases shall have precedence in the District and Appellate Courts, and that the result of such contest shall finally settle all questions relating to the validity of said election and *it shall not be permissible to again call the legality of said election in question in any other suit or proceeding;* and further, "that if no contest of said election is filed and prosecuted in the manner and within the time provided above, it shall be conclusively presumed that said election, as held and the result declared, are in all respects valid and binding upon all courts."

There is no intimation by this record, or otherwise, that any such suit was instituted and resulted in any way in declaring said election illegal and that prohibition was not thereby put in force in the town of Mart. Ever since the enactment of this statute this court has uniformly, and in many cases, held, as the statute prescribes, *that it shall be conclusively presumed that such election as held and the result thereof declared are in all respects valid and binding upon all courts.* Jerue v. State, 57 Texas Crim. Rep., 213; Evans v. State, 55 Texas Crim. Rep., 450; Thulemeyer v. State, 56 Texas Crim. Rep., 337; Wilson v. State, 107 S. W. Rep., 818; Hardy v. State, 52 Texas Crim. Rep., 420; Alexander v. State, 53 Texas Crim. Rep., 504; Romero v. State, 56 Texas Crim. Rep., 435; Doyle v. State, 50 Texas Crim. Rep., 60, 127 S. W. Rep., 815; Wesley v. State, 57 Texas Crim. Rep., 277, and other cases not collated. So that appellant's contention on this point which was raised in various ways by the record, can not be sustained and no error on this point is shown by the action of the lower court in the various ways complained of by appellant, especially as the oral evidence shows this sale was made after prohibition went into effect.

Another contention by appellant is that the evidence is insufficient to show a sale by appellant to Fred Scott as alleged. But that the evidence conclusively shows that appellant was merely acting as the agent of Fred Scott, and as such agent sent for the whisky to Otto by the automobile man and upon its being bought at Otto and returned to him (appellant) at Mart, that as such agent he merely delivered the possession thereof to Fred Scott. The testimony on this point was conflicting. That of Fred Scott, and the many circumstances and other evidence tended to show, and was sufficient to show, that it was a direct sale by appellant to Scott. On the other hand the appellant's evidence tended to show his contention as to this particular claimed sale. The evidence was sufficient, if believed by the jury, to have established his defense and secured his acquittal, but this question was specifically and repeatedly submitted to the jury under a proper charge and the jury found that it was a sale and that appellant was not acting as the agent in procuring and delivering the whisky to Fred Scott.

The court in the main charge, not only correctly charged the reason-

able doubt in appellant's favor, and that the burden of proof was on the State, but required the jury to believe beyond a reasonable doubt before they could convict him, that he did, as charged in the indictment, in Mart, on or about August 10, 1912, sell to Fred Scott whisky. And in the paragraph submitting that question told them that if they had a reasonable doubt thereof to acquit him. In addition to this, in a separate paragraph, the court in the main charge told the jury that if they believed from the evidence that the witness Fred Scott, on or about the time alleged in the indictment, handed to the defendant some money and requested him to get him some whisky, and the defendant, acting as the agent of said Scott, handed the money to one Berl Hudson (who was the automobile man) and requested him to get him some whisky, and that said Hudson bought said whisky at Otto, or Riesel, and brought the whisky back to defendant, and if defendant delivered said whisky to said Scott, or placed it where he got it, or if they had a reasonable doubt thereof, to acquit appellant.

Still, in addition to this, the court gave two special charges requested by appellant. One to the effect that the jury are instructed that in all criminal cases the burden of proof is on the State to prove all material facts necessary to constitute the violation of the law and in considering this testimony which has been introduced herein by the State, if there remains in your mind any reasonable doubt as to whether or not the delivery of this liquor mentioned in the indictment to Fred Scott was an actual sale or whether or not in making said procurement of liquor by defendant and the delivering to Fred Scott, the defendant acted as agent of said Scott, the purchaser, in procuring the said liquor for him from Otto through the agency of Berl Hudson, to find him not guilty. The other is to the effect, that the jury are charged that in the indictment herein the defendant is charged with having on August 10, 1912, sold to Fred Scott intoxicating liquor, towit: whisky, in the town of Mart in violation of the local option law. That in this case you are charged that the burden of proof is upon the State to show beyond a reasonable doubt that the alleged liquor was, on the alleged date, sold by defendant to Fred Scott in the town of Mart, and unless the State has shown to your satisfaction, beyond a reasonable doubt, that said sale was so made in the town of Mart on the date alleged in the indictment, to find defendant not guilty; and further, that if in the delivery of said liquor by the defendant to Fred Scott, the defendant acted as the agent of Scott in procuring said liquor from Otto for him at his request, then there would be no sale of liquor, and if you have a reasonable doubt on this question, you will give the defendant the benefit of it and acquit him. This certainly presented this contested point to the jury in every way as favorable as it should or could have been submitted and the jury found against appellant. The evidence was sufficient to justify their finding.

Another contention by appellant is that the court should not have permitted the State to prove by other witnesses, over his objections,

which was done, that the appellant in June, 1912, and in August, prior to August 10, 1912, made to the several witnesses who so testified, other and separate sales of intoxicating liquor to such witness, claiming that such evidence did not tend to develop the res gestae or establish system or to connect the appellant with the alleged sale to Scott and that the sale in June to one of the witnesses was too remote. He cites several cases to the effect that where the sole question in the case was whether or not a particular sale had been made and the question at issue was solely whether or not this particular sale had been made, other and distinct sales were not admissible. As said by this court in the recent case of James v. State, 63 Texas Crim. Rep., 75: "It is well settled that where the sale has been made out positively and clearly, that the introduction of other sales is not permissible as evidence to go to the jury. But it is also well settled that there are exceptions to this general rule, and if the evidence tends to develop res gestae, or show the intent or connect the defendant with the offense for which he is being tried, or it is intended to show system, where system becomes a part of the case, it may be pertinent." This latter rule is well established and has in many cases been held in prosecutions for violating the prohibition law. See Pitner v. State, 37 Texas Crim. Rep., 268; Bennett v. State, 50 S. W. Rep., 945; Young v. State, 66 S. W. Rep., 567; Skipworth v. State, 68 S. W. Rep., 278; Holland v. State, 51 Texas Crim. Rep., 142; Efird v. State, 44 Texas Crim. Rep., 447; Hollar v. State, 73 S. W. Rep., 961; Roach v. State, 47 Texas Crim. Rep., 500; Gorman v. State, 52 Texas Crim. Rep., 327; Bruce v. State, 36 Texas Crim. Rep., 53, 39 S. W. Rep., 683; Meyers v. State, 37 Texas Crim. Rep., 331. It is unnecessary to cite other cases.

As shown above, appellant contested, most vigorously, the fact that he had made any sale to said Scott as alleged in the indictment. He contended that it was not a sale but that he acted solely as the agent of Scott in procuring and delivering to him the liquor charged to have been a sale in this case. So that unquestionably this evidence of other sales by appellant to these several witnesses was pertinent and admissible. The court, by proper charge, told the jury that they could not convict the appellant in this case for any of said other sales, even if made, but that if they considered the evidence of them at all they could only do so for the purpose of aiding them to determine the course of business of appellant, if any, with reference to the sale charged by the indictment, and that they could consider the testimony for no other purpose.

The court in the second clause of the main charge, in telling the jury what the law is, stated, in effect, that the law provides that if any person shall sell intoxicating liquors in any town in which such sale is prohibited under the laws "with the purpose of evading the provisions of said law," he shall be punished, etc. And again, in submitting the case to the jury for a finding, he told them that if they believed from the evidence beyond a reasonable doubt that the defendant, as charged

in the indictment, in the town of Mart on August 10, 1912, "for the purpose of evading the provisions of the local option law" did sell to Fred Scott intoxicating liquors, towit: whisky, to find him guilty, etc. Appellant contends that the two expressions in the charge above quoted "with the purpose" and "for the purpose" of evading the provisions of said law are erroneous for the reason that there is no law of this State punishing a man for selling intoxicating liquors in prohibition territory for such purpose and that the charge containing this was misleading,—not in response to the allegations in the indictment and was an error in the definition of the act and offense alleged. These expressions should not have been used by the court in the charge. But in our opinion appellant was not and could not have been injured thereby. Instead of being against him, it was an additional burden placed upon the State which should not have been required. It makes no difference under the law for what purpose an illegal sale of liquor in prohibition territory is made, nor that such sale must be made for the purpose of evading the law. The law is, if the illegal sale was made, it was a violation of the law. As stated above, while these expressions in the court's charge were erroneous, it could not and did not injure appellant, because the court, by its charge, clearly required the jury to believe that appellant made the sale as alleged in the indictment and that the jury must so believe beyond a reasonable doubt before they could convict. And as shown above, not only submitted repeatedly that the burden was upon the State and the reasonable doubt in favor of the appellant, but in every way submitted appellant's defense that he was acting as the agent only of the alleged purchaser and that he did not make a sale to him, all of which questions were decided against appellant. Under such circumstances this court is prohibited from reversing the case. Art. 743, C. C. P.

As said by Judge White in subdivision 2, section 813, page 531, of his Ann. C. C. P.: "It is only in cases of, or purely dependent upon, circumstantial evidence, that the court is required to instruct upon the rules of law applicable to such evidence. It should not be charged upon where the evidence is direct and positive," citing many cases. In this case no charge on circumstantial evidence was required and the court committed no error in not charging thereon.

We have not taken up separately each of appellant's claimed errors on the trial of this case. We did not deem it necessary to do so. But we have taken up, discussed and decided every question properly raised and assigned as error. Various questions are raised by appellant. Some of them raised in various and different ways. None of appellant's contentions show any reversible error.

The judgment will be affirmed.

*Affirmed.*

June 18, 1913.

PRENDERGAST, JUDGE.—Appellant, by his motion for rehearing, presents some of the questions that were thoroughly considered and decided against him in the original opinion herein. We have carefully considered his motion for rehearing and there is nothing new presented that in any way changes our views, or makes it necessary to further discuss the questions decided.

He has also presented a supplemental motion for rehearing wherein he claims that the statement of facts shows that it is not a statement of the facts and that a written instrument signed by the appellant was introduced in evidence by the State which was not inserted in the statement of facts and that the same was lost in the county attorney's office and no effort made by the State to substitute the same or in any other way embody it in the record so as to make it a complete and true statement of the facts.

The law is that when an appellant appeals, the burden is on him to prepare a complete statement of facts, and it is not upon the State to do so. On this point the statement of facts shows that Frank Tirey, the Assistant County Attorney of McLennan County, produced a statement made by appellant to him and which was signed by appellant, and it was then introduced in evidence by the State on the trial of this cause. The statement of facts on this point says:

"Statement made before Frank Tirey by Mason Nobles offered in evidence (the statement was in writing and read as evidence to the jury. The statement has been lost or mislaid in the county attorney's office and can not be found. Hence the same is not copied herein.)"

The certificate of the court stenographer, to the statement of facts says: "The above and foregoing statement of facts constitute a true and correct copy of all of the material evidence and none other introduced upon the trial." The attorneys for the State and appellant agree as follows: "We, the undersigned attorneys for the plaintiff and defendant, hereby agree that the above and foregoing statement of facts is a true and correct statement of the material facts proved on the trial of said cause." This is signed by the county attorney for the State and appellant's attorney for the appellant, and is approved by the district judge.

All this is not only conclusive against this court, but the appellant herein agreed that the said statement of facts as prepared and agreed to "is a true and correct statement of the material facts proved on the trial." Instead of the statement of facts as agreed to, omitting said signed statement by appellant, being against him, it is clearly in his favor. If it was material at all, it must have been against him, for it is shown to have been produced and introduced by the State and not by him. This presents no error and could not be the basis of a reversal of this case.

The motion is overruled. *Overruled.*