## CLEVE BARNES v. THE STATE.

### No. 4017.   Decided March 22, 1916.

**Local Option—Indictment—Date of Election—Jurisdiction.**

An indictment which merely alleged that the local option law had been adopted prior to the presentment of the indictment, giving no date, and alleging a sale subsequent to the enactment of the felony statute, presents on its face a felony charge and, of course, can not be tried in the County Court. Following Hamilton v. State, 65 Texas Crim. Rep., 508, and other cases.

Appeal from the County Court of Young.   Tried below before the Hon. W. P. Stinson.

Appeal from a conviction of violation of the local option law; penalty, a fine of $100 and sixty days confinement in the county jail.

Opinion states the case.

No brief on file for appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was convicted under an indictment charging him with on or about the 30th day of December, 1913, selling to Gran Glenn intoxicating liquors, and his punishment assessed at imprisonment in the county jail for sixty days and a fine of $100.

Appellant moved to quash the indictment because the date was not alleged in the indictment when the local option election was held, on the ground that under the allegations contained in the indictment the County Court had no jurisdiction of the offense.   The indictment alleged the sale to have been made on December 30, 1913, and nowhere alleges when the election was held in Young County.   By an Act of the Legislature, passed in 1907, it is provided that if the election was held prior to the passage of that Act the offense would be a misdemeanor; if the election was held after the passage of that Act the offense would be a felony.   We had this question before this court in Head v. State, 64 Texas Crim. Rep., 112; Hamilton v. State, 65 Texas Crim. Rep., 508, and other cases, in which it was held that an indictment merely alleging that the local option law had been adopted prior to the presentment of the indictment, giving no date and alleging a sale subsequent to the enactment of the felony statute, presented on its face a felony charge.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

DAVIDSON, JUDGE, absent.