## WILL DUPREE v. THE STATE.

### No. 4167.    Decided October 18, 1916.

1.—Local Option—Companion Case—Indictment—Words and Phrases—Surplusage.

Where, upon trial of a violation of the local option law, the indictment used the word "therefore" instead of the word "theretofore," and it was apparent that this was a mere clerical error, and could in no way mislead or vitiate the indictment, but could be rejected as surplusage, there was no error to overrule a motion to quash the indictment on that ground, which was otherwise sufficient as decided in a companion case. Following Goodwin v. State, 70 Texas Crim. Rep., 612, 158 S. W. Rep., 274.

2.—Same—Indictment—Statutes Construed—Election Contest—Presumption.

By the Act of May 14, 1907, page 447, the Legislature amended article 3397, of the Revised Civil Statutes, which is now article 5727, by which it is enacted that after a separate contest of said election in the District Court within thirty days of said election, all questions relating to the validity of such election are finally settled and can not again be called in question, and that thereafter, it shall be conclusively presumed that said election as held, and the result thereof declared, are in all respects valid and binding upon all courts, and it was, therefore, unnecessary that the indictment allege that the publication of the result of the election was made by order of the county judge instead of as alleged by order of the Commissioners Court, as held in the companion case of Cleveland v. State, recently decided. Following Nobles v. State, 71 Texas Crim Rep., 121, and other cases. Davidson, Judge, dissenting.

3.—Same—Argument of Counsel—Requested Charge.

Where the argument of State's counsel was justified or provoked by appellant's counsel, there was no reversible error; besides the defendant requested no special charge to disregard said argument.

4.—Same—Evidence—Detective.

Where, upon trial of a violation of the local option law, the defendant variously attacked the State's principal witness whose testimony made out the State's case, there was no error in permitting the sheriff to testify that said witness

acted at the sheriff's instance in assisting him in ferreting out violations of the local option law; nor in permitting said State's witness to explain why he had brought certain whisky to the county of the prosecution.

Appeal from the District Court of Bell. Tried below before the Hon. John D. Robinson and F. M. Spann.

Appeal from a conviction of a violation of the local option law; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Hair & Woodward* and *J. H. Evetts,* for appellant.—On question of insufficiency of the indictment: Smitham v. State, 53 Texas Crim. Rep., 173, 108 S. W. Rep., 1183.

*C. C. McDonald,* Assistant Attorney General, for the State.

PRENDERGAST, PRESIDING JUDGE.—Appellant was convicted for unlawfully selling intoxicating liquors in Bell County, a prohibition county, and assessed the lowest punishment.

This is a companion case to that of Clark Cleveland, No. 4164, decided on the 11th instant, in an opinion by Judge Harper. Some additional questions arose in this which were not in said Cleveland case.

After the allegations of the organization, etc., of the grand jury, the indictment avers, that in said Bell County, Texas, on November 13, 1915, "an election in accordance with the laws of the State of Texas was held under authority of an order of the Commissioners Court of said Bell County, Texas, *therfore* duly made and published to determine whether or not the sale of intoxicating liquors should be prohibited in Bell County, and the qualified voters at said election did then and there determine that the sale of intoxicating liquors should be prohibited in said county, and thereupon the Commissioners Court of said Bell County, Texas, did pass and publish an order declaring the result of said election and prohibiting the sale of intoxicating liquors in said Bell County, Texas, and, thereafter, towit, on or about the 1st day of January, 1916, in said county and State, one Will Dupree did then and there unlawfully sell intoxicating liquors to H. M. Bryan, in violation of said law," properly concluding.

Appellant made a motion to quash the indictment on two grounds: (1) That the allegation therein that the Commissioners Court did pass and *publish* an order declaring the result, etc., ought to have alleged that the order was published according to law or by order of the county judge. (2) That it is alleged that the election was held under authority of an order of the Commissioners Court "therfore" duly made, etc., instead of "theretofore" duly made, etc.

The court correctly overruled the motion. It is perfectly apparent from the whole indictment that "therfore" was a mere clerical error for "theretofore," and it could in no way mislead, or vitiate the indictment. Again, under the well settled rule it could and should be

rejected as surplusage. Goodwin v. State, 70 Texas Crim. Rep., 600, 158 S. W. Rep., 274, and authorities therein cited; sec. 382, White's Ann. C. C. P., sec. 497, 1 Branch's Ann. P. C., where he collates a large number of cases directly in point.

As shown by Judge Harper in said Cleveland case, the first ground to quash would have been good under the decisions collated and cited by Mr. Branch in 1 Branch's Ann. P. C., p. 690, beginning with Gunning v. State, 98 S. W. Rep., 1057. But, as shown by Judge Harper, these decisions have been superseded and avoided by an Act of the Legislature on the prohibition, or local option, law. By an Act approved May 14, 1907, p. 447, the Legislature amended article 3397 of the then Revised Statutes, now article 5727 thereof, by which it was enacted that, "at any time within thirty days after the result of the election has been declared, any qualified voter of the county . . . in which such election has been held may contest the said election in the District Court of the county in which such election has been held, which shall have original and exclusive jurisdiction of all suits to contest such election; . . . and said court shall have jurisdiction to try and determine all matters connected with said election, including the petition of such election and all proceedings and orders relating thereto, embracing final count and declaration and publication of the result putting local option into effect; and it shall have authority to determine questions relating to the legality and validity of said election. . . . That all such cases shall have precedence in the District Court and appellate courts and that the result of such contest shall finally settle all questions relating to the validity of such election, *and it shall not be permissible to again call the legality of said election in question in any other suit or proceeding;* and that if no contest of said election is filed and prosecuted in the manner and within the time provided above, *it shall be conclusively presumed that said election as held, and the result thereof declared, are in all respects valid and binding upon all courts."* Clearly this statute was enacted for the purpose of avoiding and preventing any other contest about the validity or regularity of such elections and the effect thereof. And in effect this court has uniformly by a unanimous court so held.

In quoting the Act of May 14, 1907, Revised Statutes, article 5728, we have omitted, because we think it unnecessary, another portion thereof, which requires suit to be brought within sixty days after the Act took effect in any county, precinct, etc., where prohibition previously thereto had been put in force. The principles and decisions, whether under the thirty or sixty days times, respectively, are precisely to the same effect.

In Hardy v. State, 52 Texas Crim. Rep., 420, it was shown that the State introduced the order of the Commissioners Court ordering the prohibition election, to which appellant objected, because "there was a variance in said order to the charge alleged in the bill of information; the information charging that the order made by the Commissioners

Court ordering an election for the purpose of determining whether or not the sale of intoxicating liquors should be *prohibited* in said county; whereas, the order introduced ordered an election for the purpose of determining whether or not intoxicating liquor should be *sold* in said county, it being contended that this is a variance." And another bill, that the court refused to allow appellant to prove by the county clerk that the clerk did not at any time post, or cause to be posted, any notice of an election. On these two questions this court, through Judge Brooks, held: "This prosecution was commenced on the 29th day of July, 1907. The bill shows that the State objected on the ground that it was immaterial, and was offered in the nature of a defense to contest the legality of the local option law at a time more than sixty days after the taking effect of the Act of the Thirtieth Legislature, passed May 14, 1907. We hold that this objection is well taken. Said Act provides that contests of elections that had theretofore been had must be contested within sixty days from the taking effect of said law and not otherwise. The matters complained of would be mere irregularities at best, and this Act makes valid and non-contestible anything pertaining to irregularities in the adoption of the local option law. The Act itself provides that *we shall conclusively presume that said election as held was valid in all things and binding upon all courts.* We accordingly hold, that said Act is valid, and applies to all local option elections, and it clearly applies in this case." In a companion case, decided on the same day, in an opinion by Judge Davidson, in Wilson v. State, 107 S. W. Rep., 818, the same thing was held in accordance, as he states, with said Hardy decision.

In Alexander v. State, 53 Texas Crim. Rep., 504, the court, through Judge Brooks, again held: "Various objections to the orders of the Commissioners Court are in the record, but under an Act of the Thirtieth Legislature that went into effect August 11, 1907, which provides that contests of elections where the local option law was in force at the time the Act was passed should be contested within sixty days, none of the objections to the orders can be considered. The record shows there was no civil contest of the local option law," citing Wilson v. State, 107 S. W. Rep., 818; Hardy v. State, 52 Texas Crim. Rep., 420, 107 S. W. Rep., 547.

Again, in Romero v. State, 56 Texas Crim. Rep., 435, this court, through Judge Brooks, showed that complaint in that case was made by appellant in permitting the State over his objections to read in evidence notice of the elections and the order of the Commissioners Court putting local option into effect. He held: "None of these questions can be considered, in view of the fact that the election under which this prosecution is instituted had taken place a year or more before the Act of the Thirtieth Legislature was passed, which inhibits a contest of elections after the expiration of sixty days from the time said law went into effect. Therefore, more than sixty days having elapsed before the institution of this prosecution, there was no error in the ruling

of the court in admitting same, *and no error could be considered by us if the same was erroneous."*

Again, in Doyle v. State, 59 Texas Crim. Rep., 60, this court, through Judge Ramsey, said: "It is contended, among other things, that the precedent steps necessary to put local option in force in Johnson County had not been complied with, and that for many reasons urged in bills of exception and insisted on in brief of counsel said election was invalid and nugatory. Whatever we might conclude in respect to these several matters, in the absence of the statute passed by the Thirtieth Legislature requiring contests to be made of local option elections theretofore or to be thereafter held, it is sufficient to say that in the absence of a contest we must and shall assume that the judgment and decree putting local option in force and the proclamation of the county judge had the effect to institute the law in that county, *and that this presumption and conclusion are conclusive on us and on appellant."*

Again, in Wesley v. State, 57 Texas Crim. Rep., 277, this court, through Judge Ramsey, said: "Many of the questions raised on the appeal relate to the sufficiency of the orders, judgments and decrees of the Commissioners Court of Howard County putting local option into effect. Since there was no contest as provided by the Act of the Thirtieth Legislature, *these matters can not be considered by us, but we must assume and hold, as the court below did, that the law was in all respects regular and valid."*

Again, this court, through Judge McCord, in Gipson v. State, 58 Texas Crim. Rep., 403, said: "The other bills of exceptions relate to the orders of the Commissioners Court putting prohibition in effect. *These can not now be considered, as they show prohibition has been in effect in that county for several years, and no contest has been made or is pending."* See also Nobles v. State, 71 Texas Crim. Rep., 121 (124-125), and the other cases and authorities cited and quoted from in Judge Harper's opinion in said Cleveland case.

The indictment, as shown, distinctly avers that the prohibition election was held in Bell County on November 13, 1915, in accordance with the laws of this State and under the authority of an order of the Commissioners Court, and that the qualified voters at said election determined that the sale of intoxicating liquors should be prohibited in said county, and the Commissioners Court thereupon did pass an order declaring the result of said election prohibiting the sale of such liquor in said county, and that thereafter, on January 1, appellant unlawfully made the sale alleged,—which was clearly sufficient; and the indictment was not invalid because it also alleged that the Commissioners Court published the order declaring the result. This also disposes of appellant's bill objecting to the introduction by the State of the orders showing that the county judge selected the paper and published the order, or had it published.

It is settled in this State by a great many decisions that an appel-

lant can not complain and is not entitled to a reversal because the State's attorney in argument went out of the record if it was occasioned, justified or provoked by his attorney. In this case appellant introduced clearly illegal testimony when he introduced and had Mr. Chaffin to testify that the State's principal witness more than two years before, in effect, had burglarized his house and stolen certain property therefrom but that he was never prosecuted nor indicted therefor. The language complained of used by the district attorney on this subject was clearly provoked and brought about in discussing said Chaffin's illegal testimony before the jury. Besides, appellant requested no special written charge to disregard it. The appellant variously attacked the State's principal witness, whose testimony made out the offense. The court, therefore, did not err in permitting the sheriff to testify that said principal witness acted at his instance in assisting him in ferreting out violations of the local option law in Bell County. Nor did the court err in permitting said State's witness to explain why he had brought three gallons of whisky from Granger to Belton, a witness being always permitted to explain his action from his standpoint when attacked.

The judgment is affirmed.

*Affirmed.*

DAVIDSON, JUDGE (dissenting).—I will later write on the subject. See Clark Cleveland v. State, decided at this term of court.