## Claud Gill v. The State.

### No. 2790. Decided October 28, 1903.

**1.—Complaint and Information—Justice Court—Jurisdiction.**

On a prosecution for unlawfully attempting to take fish from a certain stream by exploding dynamite in the waters thereof, which was instituted by complaint in a justice court, and afterwards the said complaint, with the transcript from the justice court, was filed in the County Court, in which latter court the county attorney filed an information on said complaint, which being deemed insufficient, another information was subsequently filed. Appellant moved to dismiss the case for the reason that the justice having acquired jurisdiction, and having authority to try the same on its merits, had no legal authority to transfer the same to the County Court. Held, under article 611 Code of Criminal Procedure, the justice having obtained jurisdiction, and having the right to try and finally dispose of the case, it was his duty to try it and he had no authority to transfer the same to another court.

**2.—Evidence Insufficient—Allegation of Means Used.**

Where the means used in committing the offense are specifically charged, and there is no allegation to the effect that the means "was some substance to affiant unknown," etc., the proof must show the act to have been done by the means charged. Held, the State having selected the means used upon which conviction was asked and charged in the complaint, that means must be proved in order to warrant the conviction.

Appeal from the County Court of Wood. Tried below before Hon. A. A. Snow, County Judge.

Appeal from a conviction for unlawfully· taking and catching fish by the use of dynamite.

The opinion gives a full and sufficient statement of the case.

No briefs found in the record.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—This prosecution was instituted in the justice court by complaint charging that appellant did "unlawfully catch and take, and did unlawfully attempt to catch and take, fish from a certain stream, to wit, Lake Fork Creek, in said Wood County situate, by exploding dynamite in the water of said stream."

This was filed in the justice court on June 3, 1903. On June 22d, this complaint, with the transcript from the justice court, was filed in the county court. On June 28th the county attorney filed an information on this complaint in the county court. This was deemed insufficient, and on July 20th another information was filed. When the case was called for trial on July 20th, appellant moved to dismiss the prosecution in the county court because the justice court, where the case was begun, had final jurisdiction to try the case, and had no authority to transfer it to the county court, and the justice court having acquired jurisdiction of it, and having the authority to try and dispose of the case on its merits, it had no legal authority to transfer the case to the county court.

The record is before us without brief or authorities from either side. The statutes authorize the justice court to take complaints and finally

dispose of all cases where the punishment does not exceed $200 in fine, other than cases of official misconduct. The punishment for the offense charged, under the Act of 1901, and under which appellant was arrested, was not less than $25 nor more than $100 fine, which necessarily places it within the jurisdiction of the justice court. The justice court has also jurisdiction to take complaints and try cases as an examining court. But it would seem that the jurisdiction in cases of this sort applies only to those in which the justice has no authority to sit as a trial court. An inspection of the statutes show that under art. 611, Code Crim. Proc., the justice of the peace has jurisdiction to transfer cases in which he has the right to finally try, to a neighboring justice of the peace, when the justice transferring the case is disqualified from sitting or trying it; and this, it seems, is the only instance in which he has an authority to transfer this character of case, and his authority is limited to transfer such cases to the nearest justice not so disqualified. It does not confer authority upon him to transfer such cases to the county court. There is another statute which authorizes the justice court, or any other court, where a case has been improvidently or illegally transferred to that court, to retransfer it, but that statute has no application here because the case originated in the justice court and had not been transferred to that justice court from any other court. So we hold that the justice of the peace had no authority to transfer this case to the county court; that having obtained jurisdiction of it, and having the right to try and finally dispose of it, it was his duty to try it, and was without authority to transfer it to another court. There was no dismissal in the justice court by the county attorney with his reasons assigned, and no attempt to dispose of the case in this manner in the justice court. The justice of the peace transferred it upon the theory that he was acting as an examining court. This action of the court may have been induced by the apparent complications of our statute with reference to the punishment for this character of offense, for under some of the acts of the Legislature prior to 1901 his action may have been justified, but the Act of 1901 supplanted by substitution all prior acts with regard to this particular offense. The Act of 1901 was the one under which this offense was brought, and this was expressly so recognized in the county court, because the punishment prescribed by that act was given in charge to the jury. It was the only statute at the time of the arrest under which appellant could have been charged with this offense.

The evidence, in our opinion, is insufficient. Appellant was charged specifically with catching fish by means of dynamite. There was no allegation in the complaint that the means used by appellant, if not dynamite, was some substance to affiant unknown, etc. In other words, it was specifically charged that the catching of the fish was by means of dynamite. This being true, the proof must show it was dynamite. No witness testified to the fact that it was dynamite. One of them stated, substantially, that he believed it was dynamite, because it had

the effect of blowing up the water as dynamite would. The statute authorizes the conviction, under such circumstances, for using dynamite, or any other means of catching fish except by hook and line, etc. Having selected the means by which the conviction was sought, and so charged in the complaint, the State is bound by the allegation, and it must be proved in order to obtain the conviction. Witnesses testified that they did not know what it was, whether dynamite, giant powder, or something else; in fact, the evidence practically shows that they saw defendant or some one of his crowd throw into the water a stick of something, having a string wrapped around, which was set on fire, and after it entered the water, exploded; and saw defendant or some one of his crowd reach into the water with something like a fish pole and pull out something that one of them thought was a fish. The evidence is entirely unsatisfactory, and we deem it insufficient to show that the charge in the complaint that it was dynamite is sustained. The judgment is reversed and the cause remanded.

*Reversed and remanded.*