OLLIE LINDLEY v. THE STATE.

No. 117.    Decided December 1, 1909.

**1.—Local Option—Former Conviction—Special Charge.**

   Where, upon trial of a violation of the local option law, it appeared that defendant made different sales on the same day, this would not authorize a charge on former conviction in the absence of a plea, and the court properly refused to submit a charge on the issue of former conviction.

**2.—Same—Complaint—Justice of the Peace—Information.**

   Where it appeared, upon trial of a violation of the local option law, that the affidavit charging the offense, and upon which the county attorney filed an information in the County Court, was taken before a justice of the peace, there was no error.

Appeal from the County Court of Titus.    Tried below before the Hon. W. E. Riddle.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $75 and twenty days confinement in the county jail.

The opinion states the case.

*Rolston & Ward,* for appellant.—When a defendant is on trial and interposes a special plea of former conviction the verdict of the jury must find whether said special plea is true or untrue, and a failure to so find is reversible error.   Code of Criminal Procedure, article 750; Taylor v. State, 4 Texas Crim. App., 40; Brown v. State, 7 Texas Crim. App., 619; Wooldridge v. State, 13 Texas Crim. App., 443; Burks v. State, 24 Texas Crim. App., 326; Smith v. State, 18 Texas Crim. App., 329; Wright v. State, 27 Texas Crim. App., 447; Alexander v. State, 53 Texas Crim. Rep., 504, 553, 110 S. W., 918.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of violating the local option law, and his punishment assessed at a fine of $75 and twenty days imprisonment in the county jail.

Appellant insists the court erred in refusing to give to the jury defendant's special charge No. 1 submitting to the jury the issue of former conviction of the offense for which he is on trial in this case.   We find no plea of former conviction in this record.   We find in the statement of facts that appellant made something like four different sales the day in question, but this would not authorize the court to charge on the issue complained of.   There must be a proper plea, as required under many authorities of this court, before any such defense can be set up.   We find but one bill of exceptions in the record, which complains that the affidavit in this case upon which the information was filed, was taken before the justice of the peace

for precinct No. 1, and delivered to the county attorney, and the county attorney filed an information on it.   This is clearly authorized by the laws of this State.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*