· Ex Parte E. B. Holcomb.

No. 887. Decided November 2, 1910.

**Habeas Corpus—Jurisdiction—Justice of the Peace—County Court.**

Where it appeared upon habeas corpus that the relator was brought by affidavit before a justice of the peace, wherein he was charged with one offense over which the justice of the peace had no jurisdiction, and also with another offense over which the County Court had concurrent jurisdiction with the justice of the peace; and the justice held an examining court and bound relator over to the County Court where he was convicted of the latter offense, the relator could not complain and the action of the justice of the peace was proper.

From Navarro County.

Original application for habeas corpus asking discharge of relator on the ground that the County Court was without jurisdiction, and that the conviction of relator was void.

The opinion states the case.

*Jack & Jack, for appellant.*—Cited State v. Raaf, 16 Idaho, 747; State v. Stanley, 82 Vt., 37, 71 Atl., 817; Emery v. State, 57 Texas Crim. Rep., 423; 123 S. W. Rep., 133, and cases cited in opinion.

*John A. Mobley,* Assistant Attorney-General, for the State.

McCORD, JUDGE.—On July 11, 1910, one of the judges of this court granted a writ of habeas corpus to the relator and set the case down for hearing before this court on the first Monday in October, 1910. The case was submitted to this court on petition and answer and the evidence and the relator asked to be discharged on the ground that the County Court of Navarro County was without jurisdiction to try the case and that the judgment of conviction therein is absolutely void. The statement of facts discloses that one Jeffers appeared before the justice of the peace, to wit: Z. R. Christian, Justice of the Peace, Precinct No. 1, Navarro County, Texas, and made an affidavit against relator and that said affidavit contained two counts, the first count charging the relator with delivering and causing to be delivered to one Ruth Franks an anonymous letter and written instrument, setting out its character and further alleging that said anonymous instrument was then and there of a nature and character reflecting upon the chastity and virtue of the said Ruth Franks, a female, the person to whom same was sent. The second count alleged that the relator did make and publish and print an indecent and obscene printing, written composition and picture which was of a lewd and lascivious character, and was manifestly designed to corrupt the morals of youth and was then and there published and exhibited by then and there exposing the same to the view of divers and various persons, against the peace and dignity of the State. The first count alleged an offense over which the justice of the peace had no jurisdiction. The second count alleged an offense over which the County Court had concurrent jurisdiction with the justice of the peace. The justice of the peace held an examining trial and bound the relator over to the County Court. An information was filed against the relator setting out both counts. He was tried in the County Court which resulted. in his conviction on the second count, that is, exhibiting a lewd, obscene and lascivious picture, and was acquitted on the first count which charged him with sending an anonymous instrument or letter. The contention is made here that the justice of the peace had no right to transfer the case to the County Court for trial where the affidavit charged an offense over which he had jurisdiction. In a proper case this proposition would be correct. See Gill v. State,

45 Texas Crim. Rep., 256, 76 S. W., 575. If an affidavit is filed before the justice of the peace against a party charging an offense over which the justice of the peace has jurisdiction, it would be his duty to try the same and he could not transfer the case to the County Court and an information there be filed upon the same. The justice of the peace first having acquired jurisdiction could not be lost or ousted, except in one of the ways provided by law. But where an affidavit is filed before the justice of the peace in which said affidavit there is embodied two offenses, one over which the justice of the peace has jurisdiction and the other over which the County Court has jurisdiction, and the justice of the peace proceeds upon an examining trial, sitting as an examining court and it is discovered that an offense was committed over which he did not have jurisdiction, or if it should develop before said justice of the peace that relator was guilty of one or the other offenses, or of both, then we are of opinion that the justice of the peace would be correct in transferring the case to the County Court for final disposition, the County Court having conferred upon it concurrent jurisdiction with the justice of the peace for the trial of misdemeanors. It is always considered the safer practice for the pleader to set out in his complaint as many counts as he sees fit so as to cover any state of facts that might arise, and where he does set out different counts and the justice of the peace proceeds to an examination and it develops in the examination that it is probable that the defendant is guilty of the higher offense as charged in the affidavit, it would be his duty to send the whole case to the County Court. We are, therefore, of opinion that the County Court would have jurisdiction of the case, that the justice of the peace rightfully transferred the case to the County Court and that relator is not entitled to his discharge. It is therefore ordered that relator be remanded to the custody of the sheriff of Navarro County, there to be dealt with in accordance with the judgment of the court below.

*Relator remanded to custody.*