OLLIE WRENN v. THE STATE.

No. 4809.　Decided January 30, 1918.

**1.—Gaming—Former Conviction—Plea Must be Sworn to.**

Where, upon trial of gaming in the County Court, the defendant filed a plea of former conviction, which was not sworn to, and no testimony was offered upon said motion; and the facts showed in the trial of defendant that he had been engaged in more than one game of craps on the same date, there was no error in the court not submitting said plea of former conviction.

**2.—Same—Motion to Dismiss—Jurisdiction.**

Where, upon trial of gaming in the County Court, a plea for the want of jurisdiction was presented by the defendant, but not sworn to by any one, and no evidence was offered to prove the same, there was no error in ignoring it. Besides, the record showed that while the complaint was sworn to before a justice of the peace the case was not docketed, but the complaint simply filed by mistake, and thereafter filed in the County Court and the warrant made returnable to said court, and the defendant was tried upon information, all of which showed that jurisdiction attached to the County Court and not to the Justice Court, there was no reversible error.

**3.—Same—Sufficiency of the Evidence.**

Where, upon trial of gaming, the evidence sustained the conviction there was no reversible error.

Appeal from the County Court of Hunt. Tried below before the Hon. A. J. Gates.

Appeal from a conviction of gaming; penalty, a fine of ten dollars.

The opinion states the case.

*Earl McAlester* and *Montrose & Robey,* for appellant.—Cited cases in opinion.

*E. B. Hendricks,* Assistant Attorney General, for the State.

PRENDERGAST, JUDGE.—Appellant has appealed from a conviction of gaming with the lowest punishment assessed.

The complaint is in due and regular form, charging that appellant in said county on or about June 3, 1917, did unlawfully bet at a game played with dice called craps. It was sworn to by Mr. Akers, the sheriff, before the justice of the peace, on said date, which was on Sunday. On the next day the justice turned over the complaint to the County Court and on that date, June 4th, the county attorney filed an information in the County Court based on said complaint. The case was tried in the County Court on July 2nd.

Appellant has a bill of exceptions which, after the usual heading

and commencement alleges that, "after the State had announced ready for trial, and before the defendant had announced ready or entered any plea whatsoever, the defendant by his counsel offered the following plea of former conviction: 'Now comes the defendant in the above numbered and styled cause, and says that he has been once before, towit: on the — day of June, 1917, he appeared before the honorable Mayor's Court in the city of Greenville, Hunt County, Texas, and was put upon trial for the offense as charged in this information, and after said trial was permitted to go hence by paying a fine for the commission of said offense; and that the offense for which he is now here charged in this cause, is one and the same offense and no other.'

"That upon the trial of said cause the only testimony offered by the defendant was the witness R. M. Chapman, who testified as follows: 'I am mayor of Greenville, Hunt County, Texas, and have been for several years; I also act as judge of the City Court; I have here with me the docket of the City Court of Greenville, Texas; this docket shows that Ollie Wrenn was charged with, and pleaded guilty to, the offense of gaming or shooting craps on the night of June 2, 1917.'

"That the court overruled said plea of former conviction to which the defendant then and there in open court duly excepted, and here now tenders this his bill of exceptions No. 1, and asks that the same be approved and filed as part of the record in this cause, which is accordingly done." The court approved this bill with the explanation: "That the plea of former conviction was not sworn to; that no testimony was offered on said motion, and further, the facts showed in the trial the defendant was engaged in more than one game of craps on the same date."

Appellant's plea of former conviction, as it appears in the record, is quoted in full in said bill. It was not sworn to. It was merely signed by his attorneys. It in no way referred to, or made a part of said pleadings, any copy of the complaint, judgment or other proceedings had in the Mayor's Court. The statute (art. 572, C. C. P.) expressly requires that such pleading shall be sworn to. The decisions all hold that the complaint or pleadings against appellant in another court and the judgment and other proceedings thereunder when a previous conviction is claimed, shall be made a part of said plea. See 2 Vernon's Criminal Statutes, page 294, where a large number of cases are cited. The bill and record show that this plea was presented by appellant to the court for action before he announced ready or any other proceeding was had in the case other than announcement of ready by the State. As the bill shows, the testimony of the mayor was not offered or heard by the court when appellant presented his plea to be acted on and when it was acted upon by the judge, but it shows that the said testimony of the mayor was introduced on the trial of the cause after the court had acted on his plea which he had presented to the judge and required

action thereon. Neither the bill nor the record shows or intimates that when the court held his plea was insufficient because not sworn to, he amended it, or offered to amend it by swearing to it. He abided by the action of the court at the time. Neither does it show that he had at any time asked that the question be submitted to the jury; nor did he complain of the action of the court for failure to submit it to the jury. The bill does not give the testimony of the mayor on cross-examination. On cross-examination he swore: "I don't know whether or not Ollie Wrenn was in more than one game that night. He only pleaded guilty to one game, and there was no agreement that his plea of guilty was to cover any game other than the one he was caught playing in." The law is that each game or bet is a separate offense. Day v. State, 27 Texas Crim. App., 143; Parks v. State, 57 Texas Crim. Rep., 569. The uncontradicted testimony showed that he played and gambled two distinct times during that night on June 2nd, once in the early part of the night and the other some time after midnight of the same night. It is evident, therefore, why appellant did not and would not swear to his plea of former conviction. Evidently he was afraid that he might be guilty and punished for perjury. This bill shows no error.

Appellant has another bill to the overruling his motion for a new trial wherein he alleges that "after the State had announced ready for trial, and before the defendant had announced ready or entered any plea whatsoever, except the plea of former conviction, the defendant by his counsel, offered the following motion to dismiss this cause:

"Now comes the defendant . . . and moves the court to dismiss the case, for the reason that the court has no jurisdiction for the reason that this suit was instituted in the Justice Court, precinct No. 1 (place No. 1) on the 3rd day of June, 1917, and appears from the file marks on the complaint that it is still a pending suit therein, and was first filed in said court." Then is copied the said complaint, which was sworn to by the sheriff before said justice of the peace. On the back of it was endorsed by the county clerk the number of this case in the County Court properly styled and filed by the clerk of the County Court officially on June 4, 1917. There also appeared on the back of this complaint this: "Filed on June 3, 1917, Olin P. McWhirter, Justice of the Peace Precinct No. 1, Hunt County, Texas." The bill further states, "and that thereupon the court overruled defendant's plea and motion to dismiss this cause for want of jurisdiction," to which he excepted. The court explains this bill in approving it, as follows: That said plea was not sworn as required by law, and further, that no testimony was offered in support of said motion, and further, the facts showed that the warrant of arrest upon which defendant was arrested was returnable to the County Court."

This motion or plea of the want of jurisdiction was not sworn to by anyone. It was merely signed by appellant's attorneys. It was a mere

pleading. It did not prove itself. Appellant offered no evidence to prove it. As shown, it was presented to the court and required to be acted upon by appellant as a preliminary matter to even his announcement in the case, and prior to the organization of the jury or trial of the case. The motion on its face does not show that the County Court had no jurisdiction. It was held in Garner v. State, 62 Texas Crim. Rep., 525, that under such circumstances, "it would be incumbent upon the appellant to plead in writing, under oath, whatever facts were necessary to show that the court in which the trial was proceeding had no jurisdiction." Appellant introduced no evidence on the hearing of said motion and introduced none on the trial of the cause. When his motion for new trial was heard, and not till then, did he offer any evidence on this subject. This hearing was on July 24, after his trial and conviction on July 2nd. He then for the first time introduced this said complaint described above herein and the endorsement of the filing thereof by the justice of the peace as copied above. He then introduced the justice of the peace, who testified that on Sunday evening June 3rd, the sheriff phoned him to come to his office that he wanted to file some complaints. That when he went to his office the sheriff had thirty or forty gaming cases and other character of cases, and in the batch was the said complaint against appellant. That quite a number of those other cases against other persons were filed by him at the time, and that evening he issued a warrant for the arrest of most, if not all of them returnable to his court. That he understood at the time that he took jurisdiction of them. That, however, the next day, June 4th, the sheriff phoned him and asked him if he understood those cases were to be tried in the County Court, and he replied that he understood they were to be tried in his court, but that he would do whatever the sheriff wanted him to do with them; that he then changed whatever warrants he had issued in the cases from being returnable to his court and made them returnable to the County Court. That he then delivered the said complaints and warrants to the clerk of the County Court; that all these cases, including this one against appellant, were filed in the regular manner that such cases are filed in his court. On cross-examination he swore that he did not place this case against appellant on his docket and none of the others which he sent to the county clerk, and that he gave no number to it or any of the others on his docket. That when they were filed in the County Court they were not in shape for disposition in his court and he could not have disposed of them as they then were. On redirect examination he swore it was not his custom to docket any case filed in his court until the case was called for trial or a plea of guilty entered, and that he then docketed it. All this evidence came too late.

Appellant cites and relies upon arts. 106 and 624. C. C. P.; Ex

parte Holcomb, 60 Texas Crim. Rep., 204, 131 S. W. Rep., 604; and Gill v. State, 42 Texas Crim. Rep., 256.

Article 106 gives Justice Courts original concurrent jurisdiction with other courts in cases where the punishment is by fine only not to exceed $200, except in cases involving official misconduct. Article 624 provides that if a justice of the peace is disqualified from sitting in any criminal action pending before him he shall transfer it to the nearest justice not disqualified. In the Gill case a prosecution for a misdemeanor was filed in the Justice Court on June 3rd. It seems that it was regularly filed and to be prosecuted therein; and that the case was properly docketed and whatever entries were necessary to be made thereabout by the justice on his docket were made. On June 22nd the justice made out a transcript of all the proceedings had in his court and transmitted it to, and they were filed in the County Court where the trial thereof later occurred. In the County Court appellant made a motion to dismiss the case because the justice of the peace had no authority to transfer it from his court to the County Court. Doubtless proof of all these facts, as well as the record itself, showed all necessary facts to establish his motion. It seems, further, that the justice was transferring the case from his to the County Court because of his disqualification to try it. This court held that under said article 624 he had no right to transfer it to the County Court but it was his duty to transfer it to the nearest justice of the peace who was not disqualified. In the Holcomb case appellant sought discharge on habeas corpus from a conviction in the County Court because the County Court was without jurisdiction. The complaint was in two counts. Both alleged a misdemeanor about the same matter, but in one the Justice Court had no jurisdiction because the penalty involved not only a fine but imprisonment in the county jail. It was held that even though the complaint was made before the justice of the peace and filed by him, that it was proper in that case to transfer the papers later to the County Court and Holcomb was denied any relief on habeas corpus. The civil statutes (R. S., art. 100) expressly enacts that "All oaths, affidavits or affirmations necessary or required by law, may be administered by any judge or clerk of a court of record, justice of the peace, or by any notary public." So that because the complaint herein was sworn to by the sheriff before the justice of the peace that of itself did not give the justice jurisdiction to try the case. Taking his belated testimony on the motion for new trial it was sufficient to show that his placing his file mark on the complaint herein was by mistake and under a misapprehension of the facts. What he did about it occurred Sunday evening. As soon as his attention was called to the matter the next morning by the sheriff that this case was not to be tried before him but before the County Court, he issued the warrant for appellant's arrest and made it returnable directly to the County Court and not to his

court and at once transmitted the complaint and warrant to the clerk where it was proceeded upon and the trial had as stated above. He made no entry whatever on his docket, and, of course, not having any entry he made no transcript of any of the proceedings to the County Court as was done in the Gill case. Thus his testimony would show that as a matter of fact jurisdiction of this case had not really attached in his court. The County Court unquestionably had jurisdiction of the grade of offense charged herein.

Article 63 provides that when two or more courts have concurrent jurisdiction of any offense the court which first gets jurisdiction shall retain it to the exclusion of all other courts. Of course, under this statute, if the Justice Court acquired proper jurisdiction of the case and that fact had been alleged and proven by appellant at the proper time, then the justice of the peace should have retained jurisdiction and disposed of the case. Appellant failed to prove this in proper time and the testimony heard on the motion for new trial would justify the conclusion that the justice of the peace did not acquire jurisdiction to try the case but that the County Court did. Hence the court did not err in overruling appellant's motion for new trial, complained of in this bill.

The evidence without contradiction clearly showed, as stated above, that appellant gambled in two distinct games at different times during Saturday night, June 2nd; the first early in the night, which made it on June 2nd, and the last some time after midnight, which made it on June 3rd.

The judgment is affirmed.

*Affirmed.*