## OLLIE WRENN v. THE STATE.

### No. 4884.   Decided October 23, 1918.

**1.—Gaming—Complaint—Justice Court—County Court—Companion Case.**

Where it appeared from the record on appeal that the information on which the ·defendant was tried in the instant case was filed originally in the County Court and· the defendant was not tried on another complaint filed before the justice of the peace, and that the same question was decided adversely to the defendant in a companion case, there was no reversible error. Following Wrenn v. State, 82 Texas Crim. Rep., 642.

**2.—Same—Continuance—Want of Diligence.**

Where the application for continuance showed a want of diligence the same was correctly overruled.·

Appeal from the County Court of Hunt. Tried below before the Hon. A. J. Gates.

Appeal from a conviction of gaming; penalty, a fine of twenty-five dollars.

The opinion states the case.

*Earl McAlster* and *Montrose & Robey,* for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.—Cited Pearce v. State, 50 Texas Crim. Rep., 507; Ex parte Holcomb, 60 id., 204.

PRENDERGAST, JUDGE.—This is an appeal from a conviction for gaming, and is a companion case of No. 4809, by the same appellant, the decision of which is reported in 82 Texas Crim. Rep., 642.

That decision was well considered. There is no material difference between that case and this in the questions raised.

We will briefly state the facts as to the main question raised.

On Sunday evening, June 3, 1917, Mr. Akers, the sheriff of Hunt County, called Mr. McWhirter, a justice of the peace, at Greenville,

and told him he wanted to file some cases. Mr. McWhirter went to see the sheriff, and the sheriff at that time made a number of affidavits charging different persons, and appellant, with gaming. Among them was that as stated in the opinion in said cause No. 4809. These complaints or affidavits were sworn to by the sheriff before the justice of the peace. Mr. McWhirter took them with him when he left the sheriff. It seems nothing was said between the parties at the time where the prosecutions were to be had, whether before said justice or the County Court. Mr. McWhirter, when he returned to his office, put his file mark of said date on said complaints, but did nothing more whatever. The next morning the sheriff told the justice that all of said cases were to be prosecuted before the County Court and not said Justice Court, and thereupon the justice took said complaints and turned them over to the county clerk, who at once filed and numbered them and docketed the cases. That complaint taken at that time when filed in the County Court was No. 4552 on the County Court docket. The county attorney at once filed an information thereon. That complaint, after the justice of the peace turned it over to the county clerk, remained with the county clerk in the County Court, and the justice of the peace never thereafter had any possession or control thereof. He never at any time docketed that complaint.

The complaint in this case was made and sworn to by L. L. Porter before J. W. Bassett, assistant county attorney of Hunt County, on August 2, 1917. It was at once filed in the County Court, and the county attorney filed an information based thereon, and the case was then on August 2nd filed and docketed in said County Court under the number on the docket of 4651. Mr. Bassett, the assistant county attorney, swore that he secured the information on which this latter complaint and information were filed from Ben Chambers, and that the said complaint of June 3, 1917, taken before Mr. McWhirter, appears to have been based upon the testimony of Jess Simmons.

When this said cause No. 4651 was called for trial in the County Court, before the appellant made any announcement he filed a motion to dismiss this cause, setting up therein that it was the same offense as instituted by said complaint or affidavit of the sheriff before said justice of the peace. In his motion he stated that he attached said complaint or affidavit made before the said justice of the peace. As a matter of fact, however, it was not so attached. No evidence whatever was introduced by appellant at that time on his said plea. The court then overruled his motion to dismiss. Upon the trial before the jury he introduced some testimony which may have tended to show that the complaint before said justice and the complaint in this case covered the same offense, but at that time, and at no time after this evidence was introduced, did appellant call for a ruling from the court, or ask a charge thereon before the jury. The judge in qualifying the bill on this subject did so with the explanation that the information upon which defendant was tried in this case was filed originally in the

County Court, and the defendant was not being tried on the complaint filed in said Justice Court. So that as the matter is presented no reversible error is shown.

The appellant in this case cites exactly the same authorities and no other which he cited in said other case against him cited above, and, as stated, the decision in said other case is in point and decisive of this.

The court overruled appellant's motion for a continuance claimed on account of the absence of a certain witness. In his motion he states that he attaches the subpoena for said witness to his motion. None is attached. The court in approving his bill to the overruling of his motion for a continuance, in explanation thereof, states that no diligence was shown by appellant to secure the attendance of said witness. This bill was accepted as thus qualified, and is binding on the defendant. It shows no error.

The judgment is affirmed.

*Affirmed.*