

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
### AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Edgar A. Maddox
County Attorney
Palo Pinto County
Palo Pinto, Texas

Dear Sir:

Opinion No. 0-3970

Re: (1) Is it lawful and proper
for a justice of the peace
sitting as a committing
magistrate to accept com-
plaint and issue a warrant
of arrest for an offense
that is within the juris-
diction of the county court
of the county?

(2) Should not the complaint
issued by a justice of the
peace in the above situation
be filed upon his examining
trial docket and then trans-
mitted to the County Clerk
after examining trial is had
or waived?

This is to acknowledge your letter requesting our
opinion upon the questions stated above.

In examining the authorities relative to the first
question, we find the following statement by Judge Brooks of
the Court of Criminal Appeals in the case of Lindley vs. State,
57 Tex. Cr. R. 346, 123 S. W. 141:

"We find but one bill of exception in the
record, which complains that the affidavit in
this case, upon which the information was filed,

was taken before the justice of the peace for
precinct No. 1, and delivered to the county
attorney, and the county attorney filed an
information on it. This is clearly author-
ized by the laws of this state."

The Lindley case was followed in the case of Duncan
vs. State, 10? Tex. Cr. R. 612, 279 S. W. 457. See also, Gentry
vs. State, 62 Tex. Cr. R. 497, 137 S. W. 695.

From a reading of the above cited cases it is clear
that it is lawful and proper for a justice of the peace to ac-
cept a complaint for an offense that is within the jurisdiction
of the county court. See Article 415, Code of Criminal Procedure.

Upon acceptance of the complaint, it is the duty of the
magistrate to issue a warrant for the arrest of the accused. See
Article 220, Code of Criminal Procedure. Your first question is
therefore answered in the affirmative.

The warrant of arrest is executed, as provided by Ar-
ticle 233, Code of Criminal Procedure, by the officer or other
person to whom it is directed, taking the person charged forth-
with "before the magistrate who issued the warrant, or before
the magistrate named in the warrant." Article 245, Code of Crim-
inal Procedure, reads as follows:

"When the accused has been brought before
a magistrate, that officer shall proceed to
examine into the truth of the accusation made,
allowing the accused, however, sufficient time
to procure counsel."

The accused may waive the examination alluded to in
the above statute. If he does waive, the magistrate should
require a proper bond and transmit the complaint to the county
attorney, who should prepare and file an information based upon
the complaint. Both the complaint and information should be
filed in the county court. If, upon the examination the magis-
trate is satisfied from the evidence that it is probable that
the accused is guilty of an offense of which the county court
has jurisdiction, it is the duty of the justice of the peace to
send the whole case to the county court, even though the com-
plaint contains some counts of which the justice court would have
jurisdiction. See the case of Ex parte Holcomb, 60 Tex. Cr. R.
204, 131 S. W. 604, where a writ of habeas corpus was sought on

the ground that the county court had no jurisdiction of the case, filed originally in the justice court, and which was transferred to the county court following an examining trial. The Court of Criminal Appeals held the relator entitled to no relief, saying the above procedure was proper.

The case of Wrenn vs. State, 82 Tex. Cr. R. 642, 200 S. W. 844, approves the procedure of the justice of the peace accepting a complaint and making the warrant of arrest returnable to the county court. In that case the sheriff made the affidavit on a Sunday, the complaint charging the defendant with gaming. The justice of the peace transmitted the complaint to the county court the next day, and on said date (Monday) the county attorney filed his information, based upon the complaint sworn to before the justice of the peace; appeal was perfected from the judgment of the county court, but the appellate court held there was no error, approving the procedure followed in the lower courts.

In answer to your second question it is our opinion that the justice of the peace, when sitting as a magistrate to hold an examining trial, should file the complaint, issue the warrant and other process, and note the same upon his examining trial docket. Upon waiver by the accused, or determination by the justice of the peace that accused should be held to answer to the county court, all papers in the case should be forthwith forwarded to the county clerk for proper action in the premises. The county attorney should then prepare his information; if the justice court complaint is otherwise in proper form, the case is then ready for trial in the county court. A new complaint is unnecessary and the defendant is bound to appear upon his bond made in response to the order of the justice court binding him to the county court.

Trusting the above fully answers your inquiries, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Benjamin Woodall_

Benjamin Woodall
Assistant

BW:RS

APPROVED
OPINION
COMMITTEE
BY