

# THE ATTORNEY GENERAL

# OF TEXAS

PRICE DANIEL
ATTORNEY GENERAL

AUSTIN, TEXAS

November 18, 1949

Hon. Homer L. Moss
County Attorney
Wheeler County
Wheeler, Texas

Opinion No. V-946.

Re: The legality of filing
a complaint on a mis-
demeanor of county
court grade in a jus-
tice court, requiring
bail there pending ap-
pearance before the
County Court.

Dear Mr. Moss:

Your request for an opinion is substantially as follows:

"The town of Shamrock with estimated popula-
tion of some four thousand, is the most pop-
ulous village in Wheeler County. Quite a few
arrests are made weekly by Highway Patrolmen
and by some local officers of various highway
violations due to the fact that U. S. Highway
No. 66 from Chicago to the West Coast runs
through the city named. The county seat is
at Wheeler, a small town some eighteen miles
North of Shamrock and the highway named. Of-
ten these arrests are for the offense desig-
nated or known as 'D.W.I.' or 'drunk driving'.
Such an offense is liable to occur sometime
on Saturday night or on the eve of a holiday.
For obvious reasons the prisoner is in no
condition to properly answer before any court
or magistrate, but usually on the following
morning he is free from intoxication. For
quite a number of years the Justice of the
Peace office has been open for most of Sunday
and on the few occasions when not open the
justice is accessible and will come to the
office. The town of Wheeler, eighteen miles
away, is a typical rural county seat. Be-
cause of various factors neither the county
judge or county clerk nor deputies are regu-
larly available on either a holiday or Sun-
day. An officer bringing a prisoner to

Wheeler on such days often experiences ex-
treme delay in locating any of the officers
named, not due to inattention or in-efficien-
cy but because of a combination of factors.

"The county jail is at Wheeler but the pris-
oner in such cases must remain Sunday and Sun-
day night in the Shamrock City lock-up (used
for county prisoners as a temporary place of
detention.)  Sometimes bond is sought or at
least complaint made by the prisoner or his
counsel to sufficient degree to motivate this
inquiry as to the rights applicable to the
situation."

QUESTION:

May officers file a complaint with the Jus-
tice of the Peace and could that officer re-
quire bail of the prisoner to appear before
the County Court in another town in the
County?

Article 802, V.P.C., is as follows:

"Any person who drives or operates an
automobile or any other motor vehicle upon
any public road or highway in this State,
or upon any street or alley within the lim-
its of an incorporated city, town or vil-
lage, while such person is intoxicated or
under the influence of intoxicating liquor,
shall be guilty of a misdemeanor, and upon
conviction, shall be punished by confine-
ment in the County Jail for not less than
ten (10) days nor more than two (2) years,
or by a fine of not less than Fifty Dollars
($50) nor more than Five Hundred Dollars
($500), or by both such fine and imprison-
ment."

Article 235, V.C.C.P., is as follows:

"One arrested for a misdemeanor shall be
taken before a magistrate of the county where
the arrest takes place who shall take bail
and transmit immediately the bond so taken to
the court having jurisdiction of the offense."

Article 454, V.C.C.P., reads:

"Any officer making an arrest under a
capias in a misdemeanor may in term time or
vacation take bail of the defendant."

In the case of Lindley v. State, 57 Tex.Crim.
346, 123 S.W.141 (1909), the court said:

"We find but one bill of exception in the
record, which complains that the affidavit in
this case, upon which the information was fil-
ed, was taken before the justice of the peace
for precinct No. 1, and delivered to the coun-
ty attorney, and the county attorney filed an
information on it.  This is clearly authorized
by the laws of this state."

Also see Ex Parte Holcomb, 60 Tex.Crim.204, 131 S.W.604
(1910); Gentry v. State, Tex.Crim.497, 137 S.W.696 (1911).

In the case of Duncan v. State, 102 Tex.Crim.
612, 279 S.W.457 (1925), the court said:

"The jurisdiction of the county court
was questioned, because the complaint was
sworn to before a justice of the peace, and
because there was no transcript or certifi-
cate of any proceeding had in the justice
court.  The record suggests nothing more
than that the complaint was sworn to before
the justice of the peace, and information
was filed thereon by the county attorney.
Article 479, Vernon's C.C.P. (article 415,
1925 Codification), provides that complaint
may be sworn to by any officer authorized
to administer the oath.  Lindley v. State,
58 Tex.Cr.R.346, 123 S.W.141; Gentry v.
State, 62 Tex.Cr.R.497, 137 S.W.696."

In view of the foregoing authorities and in
view of the fact that the County Judge and County Clerk
are inaccessible, it is our opinion that the Justice of
the Peace may accept the complaint in your factual situ-
ation, issue a warrant, and require bail.  But all papers
in the case should be forwarded to the County Clerk for
proper action.  Moreover, the County Attorney should pre-
pare an information, if the Justice Court complaint is

otherwise in proper form, and proceed to trial in the County Court, said Court having jurisdiction of the offense of driving while intoxicated.

### SUMMARY

A Justice of the Peace may accept a complaint and issue a warrant for driving while intoxicated where the County Attorney and County Clerk are inaccessible, but all papers shall be forwarded to the County Court for final disposition of the case.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

JEF:bh:mw

By *James E. Ferguson*
James E. Ferguson
Assistant

APPROVED

*Joe R. Greenhill*

FIRST ASSISTANT
ATTORNEY GENERAL