

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

January 20, 1975

The Honorable Gus L. Lanier
County Attorney
Walker County
P.O. Box 425
Huntsville, Texas 77340

Opinion No. H- 500

Re: Propriety of filing county
court misdemeanor cases in
a justice of the peace court.

Dear Mr. Lanier:

You have asked our opinion concerning the propriety of filing complaints alleging offenses within the jurisdiction of a county court in a justice of the peace court, specifically requesting answers to the following questions:

> 1. May complaints for Class A and Class B misdemeanors be made before a Justice of the Peace?
>
> 2. May the Justice of the Peace before whom the subject complaints are made, docket said complaints and issue warrants of arrest based on said complaints, when the defendant is not then in custody?
>
> 3. May the Justice of the Peace admit the persons arrested to bail on said complaints for Class A and Class B misdemeanors?
>
> 4. May the Justice of the Peace before whom such complaints are made and docketed thereafter transfer said complaints, warrants of arrest, if any, and bonds to the County Court where said complaints and informations, timely presented thereon by the County Attorney, are simultaneously filed, along with the warrants of arrest, if any, and bonds?

Class A and Class B misdemeanors, which are so classified by section 12.03, Penal Code, are offenses which lie within the jurisdiction of the county courts to try and decide. Such offenses cannot be disposed of on the merits in a justice court. Tex. Const. art. 5, secs. 16, 19; Code Crim. Proc. arts. 4.07, 4.11.

However, a justice of the peace, in addition to having criminal and civil judicial duties imposed by the Constitution and laws of Texas, is a magistrate. Code Crim. Proc. art. 2.09. As such, he is required to perform the duties of a magistrate as set out in article 2.10, Code of Criminal Procedure:

> It is the duty of every magistrate to preserve the peace within his jurisdiction by the use of all lawful means; to issue all process intended to aid in preventing and suppressing crime; to cause the arrest of offenders by the use of lawful means in order that they may be brought to punishment. (Emphasis added).

All magistrates are empowered to issue warrants of arrest under the authority of article 15.03, Code of Criminal Procedure which reads in part:

> (a) A magistrate may issue a warrant of arrest or a summons:
>
> . . . .
>
> 2. When any person shall make oath before the magistrate that another has committed some offense against the laws of the State . . . .

Article 15.04 of the Code further provides:

> The affidavit made before the magistrate or district or county attorney is called a "complaint" if it charges the commission of an offense.

It is clear that any and all offenses defined by the criminal laws of Texas, felonies and misdemeanors of whatever classification, may be made known to any magistrate, including a justice of the peace, by complaint and that any magistrate can issue a warrant of arrest based on such complaint.

Your first two questions are, accordingly, answered in the affirmative --complaints charging the commission of Class A and Class B misdemeanors may be made before a justice of the peace, and if the complaint discloses such an offense, the justice may accept and docket the complaint and issue a warrant of arrest (or a summons as an alternative to the warrant). Code Crim. Proc. arts. 2.10, 15.03, 45.13.

Your third question concerns the authority of a justice of the peace to admit persons to bail. Once an arrest has been made pursuant to the warrant, "the person making the arrest shall without unnecessary delay take the person arrested or have him taken before some magistrate of the county where the accused was arrested." Code Crim. Proc. art. 15.17. At this appearance, the magistrate must advise the person arrested as to "accusation against him and of any affidavit filed" with such accusation, advise the defendant of various rights, and "admit the person arrested to bail if allowed by law." (Emphasis added). Code Crim. Proc. art. 15.17.

Acting in his capacity as a magistrate, the justice of the peace may, "by law," release the arrested person upon the giving of proper bail. Code Crim. Proc. arts. 17.04, 17.25 and 17.29. (And see articles 17.08 et seq. of the Code for the requisites of a bail bond). The justice of the peace may alternatively release the defendant on his personal bond. Code Crim. Proc. art. 17.03.

Your third question is, therefore, answered "Yes." A justice of the peace before whom an arrested defendant is brought may release the defendant to bail in any case, including those cases in which a Class A or Class B misdemeanor is charged.

Your fourth question deals with the transfer of Class A and Class B misdemeanor cases to the county court for ultimate hearing and determination. The filing of complaints in the justice court charging misdemeanors over which the county court has jurisdiction with a subsequent transfer to the

county court finds judicial approval in <u>Duncan v. State</u>, 279 S. W. 457
(Tex. Crim. App. 1926), <u>Gentry v. State</u>, 137 S. W. 696 (Tex. Crim.
App. 1911), <u>Ex parte Holcomb</u>, 131 S. W. 604 (Tex. Crim. App. 1910);
and <u>Lindley v. State</u>, 123 S. W. 141 (Tex. Crim. App. 1909).

The precise question was considered in Attorney General Opinion
V-946 (1949), which held:

> [I]t is our opinion that the Justice of the Peace
> may accept the complaint in your factual situation, issue
> a warrant, and require bail.  But all papers in the case
> should be forwarded to the County Clerk for proper
> action.  Moreover, the County Attorney should prepare
> an information, if the Justice Court complaint is other-
> wise in proper form, and proceed to trial in the County
> Court, said Court having jurisdiction of the offense of
> driving while intoxicated.

An earlier opinion seems to have held to the contrary.  Attorney
General Opinion O-6742 (1945).  However, the opinion is unclear; it
makes no reference to the authority of a justice of the peace as a magistrate
and was not cited in Attorney General Opinion V-946 (1949).  If the earlier
opinion was ever authority that a justice cannot accept complaints alleging
offenses beyond the jurisdiction of the justice court and then transfer the
matter to county court or other court with appropriate jurisdiction, it
was not only wrong but was implicitly overruled by Attorney General
Opinion V-946 (1949).

In any event, the language of the pertinent statutory provisions
of the Code of Criminal Procedure makes it clear that the transmission
of the complaint, warrants of arrest, and bond to the county court by
the justice is permissible and proper.

Chapter Seventeen, Code of Criminal Procedure, deals exclusively
with bail after arrest.  After concluding the proceeding in which bail is
granted or refused, the magistrate has certain duties as set out in article
17. 30 of the Code:

The magistrate, before whom an examination has taken place upon a criminal accusation, shall certify to all the proceedings had before him, as well as where he discharges, holds to bail or commits, and transmit them, sealed up, to the court before which the defendant may be tried, writing his name across the seals of the envelope. The voluntary statement of the defendant, the testimony, bail bonds, and every other proceeding in the case, shall be thus delivered to the clerk of the proper court, without delay.

Article 17. 31 describes the procedures to be followed after transfer "to the court before which the defendant may be tried" and provides:

If the proceedings be delivered to a district clerk, he shall keep them safely and deliver the same to the next grand jury. If the proceedings are delivered to a county clerk, he shall without delay deliver them to the district or county attorney of his county. (Emphasis added).

Where a complaint and other papers involving Class A and Class B misdemeanors are delivered to the county clerk and in turn delivered to the district or county attorney, such attorney will cause an information to be filed in the county court. Code Crim. Proc. arts. 21. 20, 21. 22.

We accordingly answer your fourth question in the affirmative --complaints and other companion papers involving Class A and Class B misdemeanors filed in a justice of the peace court may be transferred to the county court where jurisdiction for trial on the merits lies. An information may be filed by the county attorney in the county court upon the receipt of such complaint.

## SUMMARY

Complaints for Class A and Class B misdemeanors may be made before a justice of the peace. The justice may docket such complaints and issue warrants of arrest

thereon.  After arrest, the arrested persons may be admitted to bail by the justice of the peace.  Such complaints, bail bonds and other companion papers may be transferred to the county court, and the county attorney may then file an information based on the complaint.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

lg