JODIE IRISH v. THE STATE.

*No. 620.    Decided February 13.*

1. Local Option Election—Posting Notices—Burden of Proof.—A party attacking the validity of a local option election upon the ground that the proper notices of the election were not posted, has the burden of proof to establish that fact. Overruling James v. The State, 21 Texas Criminal Appeals, 353.

2. Same—Order Declaring the Result—Presumption as to.—It will be presumed that the County Court passed upon all preliminary matters pertaining to the legality of the election at the time it entered the order declaring the result of the election. The rule as to presumptions with regard to judgments in civil cases applies.

APPEAL from the County Court of Shelby. Tried below before Hon. R. L. PARKER, County Judge.

This appeal is from a conviction for violation of the local option law in Shelby County, the punishment assessed being a fine of $100.

No statement required.

*Hugh B. Short,* for appellant.

*Mann Trice,* Assistant Attorney-General, for the State.

HURT, PRESIDING JUDGE.—Conviction for violation of the local option law. Upon the trial the State proved several sales by the defendant to the party alleged in the indictment. The appellant should have requested the court to confine the State to one transaction. This was not done. Appellant introduced the party who was the clerk of the County Court at the time the election was ordered, by whom he proved, that he (the clerk) posted one or two notices of the election, and that he gave to other parties the balance of the notices, requesting them to post them. The clerk testified, that he did not know whether these notices were posted or not. The law required the clerk to post or cause to be posted at least five copies of the order of election. We hold, that the party attacking the legality of the election must prove that the proper notices were not posted, and that the rule stated in James v. The State, 21 Texas Criminal Appeals, 353, is overruled. It will be presumed that the County Court, when it entered the order declaring the result of the election and prohibiting the sale of intoxicating liquors within the county, passed upon all preliminary matters appertaining to the legality of the election. The same rule obtains in cases of this character that applies to judgments in civil cases. See Lawler v. White, 27 Texas, 250; Fitch v. Boyer, 51 Texas, 337.

The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.