JOHN SEGARS v. THE STATE.

*No. 687. Decided May 11th, 1895.*

**1. Blind Tiger—Information—Duplicity.**

The information charged that defendant "did then and there unlawfully and wilfully keep and run, and was then and there interested in keeping and running a 'Blind Tiger' for the purpose of selling intoxicating liquors; that he did then and there sell, to John Baugh, intoxicating liquors," etc. Held: The allegation that he kept a "Blind Tiger," without further description, was sufficient; and the allegation that he sold intoxicating liquors to John Baugh did not render the information duplicitous.

**2. Jury Law—Objections to Jurors—Bill of Exceptions.**

The bill of exceptions to rulings of the court in overruling objections to jurors must show that the juror sat in the case or that the defendant's peremptory challenges were exhausted; and where the objection was that the juror had formed an opinion as to the guilt or innocence of the accused, it must appear that the opinion related to the particular case on trial, and not to similar cases theretofore tried.

**3. U. S. Revenue License—Evidence.**

On a trial for keeping a "Blind Tiger," where defendant's counsel had obtained possession of defendant's U. S. revenue license and State license, which had been brought into court as evidence, the court did not err in requiring said counsel to return the licenses, that they might be so used.

**4. Local Option Election—Proof of Posting Notices Of.**

Where it appeared that the clerk had posted the notices of a local option election, through a third party, who was shown to be absent from the trial, it was competent to prove by other witnesses that such notices were in fact posted up and seen by them. A party attacking the legality of the election, for failure to post the notices, must prove that the proper notices were not posted.

APPEAL from the County Court of Brown. Tried below before Hon. CHARLES ROGAN, County Judge.

This appeal is from a conviction for keeping a "blind tiger," wherein the punishment was assessed at imprisonment for two months in the county jail and a fine of $100.

Omitting formal averments, the charge in the information was that, "On or about the 6th day of September, 1894, in the said County of Brown, and in the subdivision hereinafter described, of said county and State of Texas, one John Segars, late of said county and State, with force and arms, did then and there unlawfully keep and run, and was then and there interested in keeping and running a 'blind tiger' for the purpose of selling intoxicating liquors; and did then and there sell to John Baugh intoxicating liquors, etc." The metes and bounds of the subdivision in which local option had been adopted were then set out.

Defendant filed a motion to quash because: 1st. The information was duplicitous. 2nd. It charges two offenses against the laws of Texas. 3rd. It does not, in plain and intelligible language, charge any offense against the laws of this State. The motion was overruled.

The following, with regard to the introduction in evidence by the State of defendant's internal revenue license and tax receipts, are the facts as shown by bills of exceptions: R. P. Payne, the defendant's clerk, was sworn for the State: Upon examination by the State, it was shown that the witness held in his hand the internal revenue license and the State and county occupation license of the defendant, which the County Attorney offered in evidence. Counsel for defendant requested that they be handed him for inspection, which was done. Counsel for defendant then asked the witness where he obtained them. He answered that he got them in defendant's drug store, and had brought them into court in obedience to a subpœna duces tecum. Counsel for defendant then refused to return them to the witness, or to the State to be used as evidence. The court then instructed counsel to return them to the witness to be read as evidence in the case. To this command, for the purpose stated, defendant's counsel objected: 1st. Because they were the private property of the defendant, and had been taken from his drug store by said Payne without defendant's consent and in violation of law; and because the court had no authority to compel the defendant or his clerk to produce the same in court, and the said Jenkins, as his counsel, who still held possession of the licenses, said he would not surrender their possession unless peremptorily ordered to do so by the court under penalty of being punished by the court for contempt on his failure to do so. The court thereupon peremptorily ordered the said Jenkins to deliver said license and occupation tax receipts to said witness for the purpose of being read in evidence in this case, under penalty of being punished by the court for contempt for failure to comply with said order. Whereupon the said Jenkins delivered the same to said witness. To all of which action of the court defendant excepted.

And again, R. P. Payne, the clerk of the defendant, having brought the United States internal revenue license and State and county occupation tax receipts of defendant as a retail liquor dealer in Brownwood, Texas, into court in obedience to a subpœna duces tecum was asked by the state to read the same to the jury, to which the defendant objected, because, 1st, the same were immaterial; 2nd, be-

cause they were the private property of defendant, and had been brought into court in violation of law, and because, to compel in this way their production and submission to the jury was in violation of defendant's constitutional right to be free from unreasonable seizures and searches and to not be compelled to furnish evidence against himself, which objections were by the court overruled, and the said license tax receipts were read to the jury as evidence in this case, to all of which the defendant excepted.

It appeared from the evidence that the notices for the local option election had been delivered by the clerk to one John G. Adams to be posted. Adams was not present or produced by the State as a witness. Over defendant's objections, it was proved by other witnesses that they saw such notices posted in the precinct just before the local option election.

*Jenkins & Mc Cartney*, for appellant.

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, Judge—Appellant was tried under an information charging him with keeping a "blind tiger," was convicted by the jury and his punishment assessed at two months in the county jail, and a fine of $100, and from the judgment of the lower court he prosecutes his appeal. The information in this case charges that the defendant, in a certain local option precinct (describing it), "did then and there unlawfully and wilfully keep and run, and was then and there interested in keeping and running, a 'blind tiger' for the purpose of selling intoxicating liquors; that he did then and there sell to John Baugh intoxicating liquors," etc. The appellant moved to quash this indictment because it did not charge any offense, and because it was duplicitous. We think the allegation that he kept a "blind tiger," without further description, is sufficient; and further, that the allegation that he sold intoxicating liquors to John Baugh does not make the information duplicitous. The appellant assigns as error that certain persons called as jurors were shown to have formed opinions; some of them in similar cases against appellant, and one of them as to the case then on trial. The bill of exceptions does not show that said jurors sat in the case or that appellant's challenges were exhausted; and, moreover, it does not show that any of those called as jurors had formed such opinion as to the guilt or innocence of the defendant in the particular case then on trial such as would disqualify them. Nor did the court err in requiring counsel for defendant to return to the witness, Payne, the internal revenue license and the State license for selling intoxicating liquor, which had been brought into court as testimony. The statute itself makes the internal revenue license prima facie proof that the person to whom such license is issued is keeping and running such "blind tiger," and the fact that the counsel had gotten possession of the license gave it no immunity from process of the court. The appellant also insists that the court erred

in permitting witnesses to testify that they saw notices of the election posted up in the city of Brownwood. The fact that the clerk had posted these notices through one Adams, who was shown to be absent, did not deprive the State of other means of proof that the notices were in fact posted up. We think the proof in this case, even if the onus had been on the State, sufficient to have shown that the notices of the election were posted up for the required length of time; but we have heretofore held (Irish v. State, 34 Texas Crim. Rep., 130) that "it will be presumed that the County Court, when it entered the order declaring the result of the election and prohibiting the sale of intoxicating liquors within the county, passed upon all preliminary matters appertaining to the legality of the election, and that the party attacking the legality of the election must prove that the proper notices were not posted." And under the doctrine of that case it was incumbent on the appellant in this case to have proven that such notices were not posted up for the required length of time before he could avail himself of the invalidity of said election, otherwise its legality will be presumed. Id. As explained by the court in the bill of exceptions, we see no error in permitting the county attorney to read before the jury excerpts from the opinion of this court in a former case against the same party.] There being no errors in the record the judgment is affirmed.

*Affirmed.*