## EX PARTE W. A. THULEMEYER.

No. 4541.  Decided March 10, 1909.

Rehearing Denied June 9, 1909.

**Local Option—Habeas Corpus—Election Contest.**

   The Statute, Thirtieth Legislature, requires that the validity of local option elections shall be inquired into by contest before the district court. See opinion for facts with reference to a local option election which could not be inquired into under writ of habeas corpus.

Appeal from the County Court of Karnes. Tried below before the Hon. A. J. Parker.

Appeal from a habeas corpus proceeding asking for a release from commitment under an arrest for a violation of the local option law.

The opinion states the case.

*M. B. Little* and *Davis & Lipscomb,* for relator.—Cited, Ex parte Ainsworth, 27 Texas, 731; Snyder v. Baird, 111 S. W. Rep., 723; Railway Company v. State, 100 S. W. Rep., 767.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Relator was arrested on a charge of violating the local option law, and resorted to a writ of habeas

Vol. 56 Crim.—22.

corpus to obtain his discharge on the ground that there was no existing local option law under which a prosecution could be maintained.

The facts show that since 1888 the southwestern portion of Karnes County, under certain marked lines set out in the record, had been recognized as justice precinct No. 4. It is also shown that the record of the Commissioners Court does not show, and in fact there was no entry made of the fact, showing an order creating precinct No. 4 in the named territory. It is shown there was on order on the Commissioners Court record showing that that court had created justice precinct No. 4 in the southwestern portion of the county. That it had subsequently been abolished, and the territory attached to and become a part of justice precinct No. 2. In 1892 the Commissioners Court created justice precinct No. 6, setting it out by metes and bounds. This precinct included the county seat, Karnes City. The records of the Commissioners Court sets out the metes and bounds of the territory in which the local option election was ordered and held in 1893, calling it justice precinct No. 4, the election resulting favorably to local option. The field notes contained in the record of the Commissioners Court, in regard to the boundary lines in which the local option election was held, and purporting to be justice precinct No. 4, ran into and covered thirty square miles of the territory of justice precinct No. 6, which the county surveyor testifies, taking the number of acres called for in the surveys, amounted to 23,808 acres. To restate, the record shows that precinct No. 4, as evidenced by the Commissioners Court record, was in the southwestern part of the county as laid out. That justice precinct No. 4, as recognized by the Commissioners Court, but not of record, lay in the southeastern part of the county. That the field notes given in the local option election purporting to be the boundary line of precinct No. 4 took in thirty square miles, or 28,808 acres of justice precinct No. 6. That justice precinct No. 6 was laid out in the early part of 1892, and that the local option election under discussion was held in the fall of 1893. It is contended, by reason of these facts that the local option election was void. Without discussing the validity of the election, or deciding that question, this matter, as presented, can not be urged under the writ of habeas corpus. The Thirtieth Legislature passed a statute which requires that the validity of local option elections shall be inquired into by contest before the District Court. It is unnecessary to discuss the question, or to decide it as to when such an election can be inquired into under writ of habeas corpus. We hold that the facts here do not present such case. Appellant's remedy was by contest under the recent Act of the Legislature above mentioned. Therefore, the judgment of the lower court will be affirmed, and it is accordingly so ordered.

*Affirmed.*

[Rehearing denied June 9, 1909.—Reporter.]