## JOCK SMITH v. THE STATE.

### No. 4518.    Decided June 6, 1917.

**1.—Local Option—Statement of Facts—Practice on Appeal—County Court.**

Where, in the County Court, the time of filing the statement of facts was extended twenty days after adjournment, but the same was not filed within said time, the same must be stricken out on motion of the State. Following Looper v. State, 62 Texas Crim. Rep., 98.

**2.—Same—Former Jeopardy—Bill of Exceptions—Practice on Appeal.**

In the absence of a statement of facts the ruling of the court in excluding testimony that defendant had been convicted in another forum for the same transaction, can not be considered; besides no plea of former jeopardy is found in the record, and testimony of this character can not be considered.

**3.—Same—Remarks by Court—Law in Force.**

Where, upon trial of a violation of the local option law, the State proved that the local option election had been held and notice of the result published, this was sufficient to authorize an instruction to the jury that prohibition was in effect, and the remark by the trial court that the Commissioners' Court had so declared could not legally prejudice the defendant. Following Irish v. State, 34 Texas Crim. Rep., 130.

Appeal from the County Court of Polk. Tried below before the Hon. B. F. Bean.

Appeal from a conviction of a violation of the local option law; penalty, a fine of twenty-five dollars and twenty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, JUDGE.—Appellant's conviction was by a jury verdict assessing his punishment at a fine of $25 and twenty days imprisonment in the county jail, upon an indictment charging him with the sale of intoxicating liquors in prohibition territory.

The term of court at which appellant was tried adjourned on the 3rd day of February, 1917. The statement of facts was filed on the

24th day of the same month, which was more than twenty days after the adjournment of the term, and upon this ground the Assistant Attorney General has filed a motion to strike out the statement of facts, which, under article 844a, Vernon's Code of Criminal Procedure, must be sustained. Looper v. State, 62 Texas Crim. Rep., 98; also other cases, Vernon's C. C. P., p. 824. Under this article, as construed, statement of facts in County Court is required to be filed during the term except when an order of the court is made extending the time. An order in the present case was made extending the time twenty days.

The first and third bills of exception relate to the exclusion of testimony proffered by the appellant to show that he had been convicted in the Federal Court for the same transaction upon which this prosecution was based. These bills, as qualified, deny this fact, and declare that such prosecution that was had against him in the Federal Court was for selling intoxicating liquors without a revenue license contrary to the laws of the United States. In the absence of a statement of facts this court, under its established practice, would be precluded from reversing on account of the rulings upon the admission of evidence. Hobbs v. State, 28 S. W. Rep., 814; Oakley v. State, 158 S. W. Rep., 285, and other cases cited in Vernon's C. C. P., art. 844, note 9, p. 814. However, if the bills were considered, we find no plea of former jeopardy or former conviction. Even if this testimony would have been admissible under any circumstances, our attention has been called to none under which it would be material in the absence of pleas of this character.

Bill No. 2 complains of the remark of the court to the effect that the order of the Commissioners Court declaring the result of the local option election and prohibiting the sale of intoxicating liquors had been published for four successive weeks was conclusive proof of the publication. Article 5721 of the Revised Statutes provides that the entry by the county judge of the fact of publication shall be sufficient prima facie evidence of the publication. In view of this statute we are unable to comprehend how the remark of the county judge would have been harmful, especially in view of the fact that the record does not disclose there was any contested issue about the publication. The burden of proof was upon the State to prove that the election had been held and notice published, but this was done by the certificate mentioned, and was sufficient, under the rulings of this court, to authorize an instruction to the jury that prohibition was in effect. Branch's Ann. P. C., sec. 1233, p. 697, and cases cited; Irish v. State, 34 Texas Crim. Rep., 130. We have reviewed the bill of exceptions, and finding no error it is the order of the court that the judgment of the lower court be affirmed.

*Affirmed.*