WILL FRITTS v. THE STATE.

No. 12868.   Delivered March 26, 1930.
Reported in 26 S. W. (2d) 643.

The opinion states the case.

*W. H. Murchison, Jr.,* of Haskell, for appellant.

*Clyde Grissom* of Haskell, District Attorney, *Clem Calhoun* of Borger, District Attorney, and *A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, death.

It was the state's theory, given support in the testimony, that appellant killed deceased in order to prevent him from testifying against him in a case wherein appellant was charged with selling deceased intoxicating liquor.   It was appellant's theory that he had been wrongfully charged with selling liquor to deceased, and that he went to the home of deceased for the purpose of persuading him to rectify the wrong he had committed; that deceased refused to retract the charge, and that, in a fit of anger and rage, he shot and killed deceased.   Appellant urged the defense of insanity.

Many bills of exception are addressed to the closing argument of the district attorney.   Several of these bills manifest erroneous and prejudicial remarks, which, in the state of the record, demand a reversal of the judgment.   In view of the fact that the remarks

complained of are not likely to occur on another trial of the case, we confine our discussion to only two of these bills. In his closing argument the district attorney used language as follows:

"Gentlemen, it is remarkable, this Fritts family; they didn't want to put Elbert (meaning Elbert Fritts) on this stand; they didn't want to let you know that the whole family sold whiskey or had been indicted for it."

Appellant timely and properly objected to the quoted remarks. The court overruled the objection, and refused to withdraw the argument. There was no evidence in the record that the whole Fritts family sold intoxicating liquor. Unsworn as a witness, the district attorney took occasion to advise the jury that such was a fact. The remarks were obviously hurtful and prejudicial. They could scarcely have done less than impress the jury with the view that appellant and his entire family habitually violated the law. In a case where the extreme penalty has been assessed, we would not feel inclined to speculate as to the harmful effect of the unwarranted and erroneous remarks under consideration.

We quote the following remarks of the district attorney:

"You were asked about reading the Abilene Reporter, now if you read that paper much you read in the last twelve months where Abilene had two inmates of the insane asylum tried for murder and they got the penalty."

The foregoing remarks were timely and properly objected to; the court overruled the objection and refused to withdraw the argument. Appellant relied upon the defense of insanity. The district attorney went outside the record and advised the jury that two inmates of an insane asylum had theretofore been tried for murder and convicted. There was nothing in the record to justify the remarks. They were unwarranted, erroneous, and obviously harmful. The fact that two inmates of an insane asylum had been convicted of murder would not have justified appellant's conviction. The jury were advised in the charge of the court that appellant could not be convicted if he were insane at the time he committed the offense. The argument suggested to the jury that there was precedent for ignoring appellant's plea of insanity and convicting him, notwithstanding they might be impressed with the view that he was insane at the time he committed the offense. The argument was calculated to deprive appellant of the right to have his defense fairly considered by the jury.

It was not alleged in the indictment that the killing was done with malice aforethought. Hence the state was not authorized to seek a penalty in excess of five years. Swilley v. State, Opinion 12,792, delivered December 11, 1929, not yet reported. The jury assessed the penalty at death. If a penalty in excess of five years is to be sought a new indictment should be returned.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.