EX PARTE MARY BELLE KING.

No. 22113. Delivered March 25, 1942.

The opinion states the case.

*Mel Janes,* of Lubbock, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Mary Belle King was convicted in the County Court of Scurry County in Cause No. 3024 for violation of the liquor law as applied to that county. Upon appeal to this Court the judgment of the trial court was affirmed and mandate issued in accordance with the order of affirmance. The Sheriff of Scurry County took her in charge to serve the period of confinement provided in the judgment of conviction. This proceeding was brought to secure her release from the custody of the Sheriff and is upon the theory that the local option election relied on by the prosecution was invalid in that the notices of the election were not given in accordance with the provisions of the law existing in the year 1902 when the election was held.

Reliance is had on the minutes of the court. The record reflects that an order was entered directing the clerk to issue and post notices of the election as required by law. On the

21st day of May 1902, the Commissioners' Court met, canvassed the returns and declared the results and directed that the county judge publish the order in a newspaper in Scurry County. It then appears that the county judge filed his certificate on the 24th day of June showing that he caused the order to be published in the "Western Light" on the 29th day of May, the 5th, 12th and 19th days of June. This same certificate appears at a later place in the minutes bearing the same date, but attested by a different party as the county clerk of date June 13, 1903. It is the contention of relator that the notices of election were not posted by the clerk and, consequently, the election was void. The reason for the order appearing twice is not discoverable from the record, but it is inferred that it was for the purpose of correcting an error, the nature of which is not discovered. At any rate, Art. 3397, R. C. S. of 1895, in effect at the time, provided for the contest of elections within thirty days. The manner of contesting the same was also set out.

The presumption rests that the Commissioners' Court passed upon the regularity of the election and determined as a fact that there had been a posting of the notices of election as required by law. Segars v. State, 31 S. W. 370; Bowman v. State, 40 S. W. 796; Irish v. State, 29 S. W. 778.

Relators rely upon Watson v. State, 122 S. W. 311. The distinction lies in the fact that in the Watson case it affirmatively appears on the face of the record that the statute had not been complied with in a material respect, rendering the election void. The record before us is silent as to whether or not the notices were posted. The fact that they were published is not considered a denial of the posting as the law required.

The judgment of the trial court is affirmed.