## C. W. GREEN V. THE STATE.

No. 22261. Delivered November 4, 1942.
Rehearing Denied January 13, 1943.

The opinion states the case.

*Mel Janes,* of Lubbock, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

Upon a trial before a jury appellant was convicted of possessing for the purpose of sale intoxicating liquor in Scurry County, a dry area; his punishment was assessed at six months' confinement in the county jail.

No bills of exception or statement of facts appear in the record. Nothing is presented for review.

The judgment is affirmed.

### ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

An order of affirmance was entered in this cause on November 4, 1942. At that time no bills of exception or statement of facts appeared in the record. Appellant filed a delayed motion for rehearing in connection with which he requested a writ of certiorari to bring up the statement of facts and bills of exception which were filed in the trial court long after the time ordinarily permitted. Said statement of facts and bills of exception are now before us.

It is shown that the attorney who represented appellant upon the trial died shortly thereafter, and that the attorney then employed by appellant to represent him upon appeal went into the U. S. Army. Under the circumstances we will consider the record.

Hubert Simpson was an Inspector for the Liquor Control Board. On July 7, 1941, he drove in his car to appellant's home where he found appellant lying on a cot. Simpson made known his wish to purchase some whiskey. Appellant went in the house and brought to Simpson two pints of whiskey for which he was paid $1.75 by Simpson.

The records of the Commissioners' Court were introduced in evidence which showed that Scurry County was dry area by virtue of a local option election held in said county in May, 1902.

Bill of exception number one reflects that appellant filed a motion for new trial based upon the proposition that Simpson had no search warrant authorizing the search of appellant's premises at the time of the purchase of the whiskey from appellant. The bill reserves an exception to the trial court's failure to grant the motion for new trial. It does not reflect that any objection was interposed to Simpson's evidence when given upon the trial. No error would have been shown if objection had been timely made. Simpson testified that he never searched appellant's house, and had no intention of doing so when he went there; that his purpose in going was to buy whiskey, which he did. No search warrant was necessary.

Bill of exception number two reflects that at the conclusion of the testimony appellant moved the court to exclude all testimony from the jury, to quash the complaint and information, and to direct a verdict of not guilty, based upon the contention that the record of the Commissioners' Court which had been introduced by the State failed to show that notice of the result of the local option election had been published as required by Art. 3387 R. C. S. of 1895, but only that notice of the election had been posted. Appellant's contention is based upon the following record entries in the minutes of the Commissioners' Court. On April 22, 1902, the said court ordered that an election be held in Scurry County on May 10, 1902, to determine whether the sale of intoxicating liquor should be prohibited in said county, and directed the clerk to issue and post notices

of said order as required by law. On the margin of the page of the minutes containing said order appears a certificate of the county judge that he had caused to be published in a named paper the "foregoing order" for four successive weeks, giving the dates of publication as May 29, 1902, June 5, 1902, June 12, 1902, and June 19, 1902. Upon the margin of the court's minutes, where said certificate appears was a notation as follows: "Do not index this." The certificate was dated June 24, 1902. The Commissioners' Court minutes further show that on May 21, 1902, the said court canvassed the returns of said election and declared that same resulted in prohibiting the sale of intoxicating liquor and directed the county judge to publish said order declaring the result, and immediately following in the court minutes is the same certificate of the county judge as to the publication as heretofore set out as it appears on the margin of the minutes in connection with the order for the election.

The certificate mentioned is the same with which this court dealt in Ex parte Mary Belle King, reported in 143 Tex. Cr. R. 579, 160 S. W. (2d) 255. However, in that case it was contended that the certificate mentioned showed affirmatively that no notice of holding the election was posted as required by law, the publication dates being subsequent to the election, while in the present case the contention, as we understand it, is that the certificate in question only shows the publication of notice of the election, and does not show publication of the order declaring the result thereof. The contention seems clearly untenable. The appearance of the certificate in two places in the court minutes is unexplained, as might be expected 39 years after the entries were made. If we could indulge in speculation regarding the matter a reasonable conclusion would be that the county judge inadvertently entered the certificate in the wrong place on the margin of the minutes. The record introduced by the State does show the proper publication of the order declaring that the election resulted in prohibition. Even if it might be said that the marginal entry also showed the publication of notice of holding the election, it would not render ineffective the publication of the order declaring the result.

Having considered the statement of facts and the only two bills of exception in the record, and finding nothing which would militate against the affirmance of the judgment appellant's motion for rehearing is overruled.